15-25-00101-CV

ACCEPTED
15-25-00101-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/11/2025 7:52 AM
CHRISTOPHER A. PRINE
CLERK

NO. _____

# IN THE FIFTEENTH DISTRICT COURT OF APPEALS
# FOR THE STATE OF TEXAS AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/11/2025 7:52:40 AM
CHRISTOPHER A. PRINE
Clerk

**In re M. Brett Cooper, M.D.,**
*Relator*

On Petition for Writ of Mandamus
From the 493rd District Court at Collin County, Texas
Cause No. 493-08026-2024
The Honorable Judge Christine A. Nowak, Presiding

## PETITION FOR WRIT OF MANDAMUS

Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
LAWSON & MOSHENBERG PLLC
801 Travis Street, Suite 2101 #838
Houston, TX 77002
Telephone: (832) 280-5670
avi.moshenberg@lmbusinesslaw.com

Simona Agnolucci (*pending pro hac admission*)
Barrington Dyer (*pending pro hac admission*)
Jennifer J. Hardy
Texas Bar No. 24096068
Anika Holland (*pending pro hac admission*)
Emily Abbey (*pending pro hac admission*)
Isabella McKinley Corbo (*pending pro hac admission*)
Zoe Packman (*pending pro hac admission*)
Rodolfo Rivera Aquino (*pending pro hac admission*)
Remy Carreiro (*pending pro hac admission*)
Emma Rodriguez (*pending pro hac admission*)
WILLKIE FARR & GALLAGHER LLP
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7470

ATTORNEYS FOR RELATOR

**RELATOR REQUESTS EMERGENCY RELIEF**
**RELATOR REQUESTS ORAL ARGUMENT**

**IDENTITIES OF PARTIES AND COUNSEL**

| **Relator** | **Counsel for Relator** |
|---|---|
| M. Brett Cooper, M.D. | Nicholas R. Lawson |

Avi Moshenberg
LAWSON & MOSHENBERG PLLC 801
Travis Street, Suite 2101 #838
Houston, TX 77002

Jennifer Hardy
WILLKIE FARR & GALLAGHER LLP
600 Travis St.
Houston, TX 77002

Simona Agnolucci (*Application for pro hac admission pending)*
Barrington Dyer (*Application for pro hac admission pending)*
Anika Holland (*Application for pro hac admission pending)*
Emily Abbey (*Application for pro hac admission pending*)
Isabella McKinley Corbo (*Application for pro hac admission pending*)
Zoe Packman (*Application for pro hac admission pending*)
Rodolfo Rivera Aquino (*Application for pro hac admission pending*)
Remy Carreiro (*Application for pro hac admission pending*)
Emma Rodriguez (*Application for pro hac admission pending*)

WILLKIE FARR & GALLAGHER LLP
333 Bush Street, 34th Floor
San Francisco, CA 94104

| Real Party in Interest | Counsel for Real Party in Interest |
|---|---|
| The State of Texas | Ken Paxton<br>Brent Webster<br>Ralph Molina<br>Austin Kinghorn<br>Johnathan Stone<br>Rob Farquharson<br>David Shatto<br>OFFICE OF THE ATTORNEY<br>GENERAL OF THE STATE OF TEXAS<br>CONSUMER PROTECTION DIVISION<br>P.O. Box 12547 (MC-010)<br>Austin, TX 78711 |
| University of Texas Southwestern Medical Center | Ken Paxton<br>Brent Webster<br>Ralph Molina<br>Austin Kinghorn<br>Ernest C. Garcia<br>Karen L. Watkins<br>Patrick Todd<br>Martin Cohick<br>OFFICE OF THE ATTORNEY<br>GENERAL OF THE STATE OF TEXAS<br>ADMINISTRATIVE LAW DIVISION<br>P.O. Box 12548, Capitol Station<br>Austin, TX 78711 |
| Children's Health | Cory M. Sutker<br>Jackie S. Cooper<br>COOPER & SCULLY, P.C.<br>900 Jackson Street, Suite 900<br>Dallas, TX 75202 |

Nonparty Patients 1–14

Jervonne D. Newsome
Thanh D. Nguyen
Jonathan Hung
WINSTON & STRAWN LLP
2121 N. Pearl St., Suite 900
Dallas, TX 75201

William M. Logan
Evan D. Lewis
Olivia A. Wogon
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002

**Respondent**
Hon. Christine A. Nowak
Presiding Judge
493rd District Court
Collin County, Texas
Russel A. Steindam Courts Building
2100 Bloomdale Road
McKinney, TX 75071

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................................ i

TABLE OF CONTENTS ........................................................................... iv

INDEX OF AUTHORITIES ....................................................................... vi

STATEMENT OF THE CASE ......................................................................1

RECORD REFERENCES ...........................................................................2

STATEMENT OF JURISDICTION ................................................................2

ISSUES PRESENTED ...............................................................................2

INTRODUCTION AND OVERVIEW ...........................................................3

STATEMENT OF FACTS ..........................................................................4

    I.      Dr. Cooper Promptly And Repeatedly Asserted The Trial Court Lacks Jurisdiction. ..........................................................................................5

    II.     The Trial Court Declined To Rule On Dr. Cooper's Plea To The Jurisdiction And Ordered Jurisdictional Discovery. ......................................7

    III.    Despite Dr. Cooper's Outstanding Plea, The Trial Court Also Ordered Merits Depositions Go Forward. ................................................................8

STANDARD OF REVIEW .......................................................................10

ARGUMENT .......................................................................................11

    I.     The Trial Court Clearly Abused Its Discretion By Refusing To Rule On Subject-Matter Jurisdiction Before Proceeding To The Merits. .............11

        A.  It Is A Fundamental Precept That A Court Must Have Subject-Matter Jurisdiction. ..........................................................................11

        B.  The Trial Court's Jurisdiction Has Been Rightfully Challenged. 13

        C.  The Trial Court Abused Its Discretion By Ordering Merits Discovery Go Forward In Tandem With Jurisdictional Discovery. ...14

II.     There Is No Adequate Appellate Remedy Because Dr. Cooper Has Been Denied His Statutory Right To Interlocutory Appeal. ..........................18

CONCLUSION.................................................................................................20

PRAYER..........................................................................................................21

CERTIFICATE OF FACTUAL SUPPORT.........................................................22

CERTIFICATE OF COMPLIANCE....................................................................23

CERTIFICATION OF SERVICE.......................................................................23

APPENDIX INDEX ..........................................................................................24

VERIFICATION...............................................................................................25

# INDEX OF AUTHORITIES

**Cases**                                                                                **Page(s)**

*Alamo Heights Indep. Sch. Dist. v. Clark*,
544 S.W.3d 755 (Tex. 2018) ..................................................................13

*In re Bexar Medina Atascosa Ctys. Water Control & Improvement Dist. No. One*,
No. 04-24-00538-CV, 2025 WL 466069 (Tex. App. Feb. 12, 2025)...........18, 20

*Casper v. Texas Woman's Univ.*,
No. 02-22-00345-CV, 2023 WL 5617129 (Tex. App. Aug. 31, 2023), review denied (June 14, 2024) ................................................................16

*City of Austin v. Quinlan*,
669 S.W.3d 813 (Tex. 2023) ..................................................................12

*City of Austin v. Util. Assocs. Inc.*,
517 S.W.3d 300 (Tex. App.-Austin 2017, pet. denied).....................................17

*In re City of Dallas*,
501 S.W.3d 71 (Tex. 2016)....................................................................12

*City of El Paso v. Heinrich*,
284 S.W.3d 366 (Tex. 2009) ..................................................................17

*City of Galveston v. Gray*,
93 S.W.3d 587 (Tex. App. 2002).......................................................10, 11, 18, 19

*In re Dallas Cnty.*,
No. 05-21-01144-CV, 2022 WL 1467987 (Tex. App.—Dallas May 10, 2022, no pet.) ................................................................................13

*Diocese of Galveston-Houston v. Stone*,
892 S.W.2d 169 (Tex. App.–Houston [14th Dist.] 1994, orig. proceeding) .....................................................................................11

*Fed. Underwriters Exch. v. Pugh*,
141 Tex. 539 (1943)............................................................................12

*Hearts Bluff Game Ranch, Inc. v. State*,
381 S.W.3d 468, 491 (Tex. 2012) ............................................................16

*In re JANA Corp.*,
 628 S.W.3d 526 ..........................................................................................15

*In re Lamar Univ.*,
 No. 09-18-00241-CV, 2018 WL 3911062 (Tex. App.-Beaumont
 Aug. 16, 2018, orig. proceeding) ...........................................................*passim*

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
 253 S.W.3d 653 (Tex. 2008) ....................................................................14

*Quested v. City of Houston*,
 440 S.W.3d 275 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ...................16

*Rattray v. City of Brownsville*,
 662 S.W.3d 860 (Tex. 2023) ....................................................................12

*Rivera v. Sonnenschein*,
 708 S.W.3d 294 (Tex. App. [15th Dist.] 2025) ............................................12

*In re Tex. Bd. of Pardons & Paroles*,
 2024 WL 4891065 (Tex. App.—Dallas Nov. 26, 2024, no pet.) .......................19

*Texas A & M Univ. Sys. v. Koseoglu*,
 233 S.W.3d 835 (Tex. 2007) ....................................................................19

*Texas Dep't of Parks & Wildlife v. Miranda*,
 133 S.W.3d 217 (Tex. 2004) ...................................................3, 9, 12, 14

*Texas Right to Life v. Van Stean*,
 702 S.W.3d 348 (Tex. 2024) ....................................................................12

*The State Bar of Texas v. Gomez*,
 891 S.W.2d 243 (Tex. 1994) ....................................................................12

*In re Torres*,
 No. 13-17-00172-CV, 2017 WL 2665986 (Tex. App.—Corpus
 Christi June 21, 2017, orig. proceeding) .............................................10, 11

*Wheeler v. L. Off. of Frank Powell*,
 No. 01-22-00479-CV, 2023 WL 5535670 (Tex. App. Aug. 29,
 2023) ..........................................................................................13

**Statutes**

Civil Practices and Remedies Code Section 51.014 ...............................................18

Deceptive Trade Practices Act (DTPA).................................................................5

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) ...........................................18, 19

Texas Government Code Section 22.220 .............................................................2

Texas Government Code Section 22.221 .............................................................2

Texas Controlled Substances Act (TCSA) ...................................................1, 5, 6, 7

Texas Health and Safety Code Section 161.702(3) ................................................5

Texas Tort Claims Act Section 101.106...........................................................*passim*

# STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the Underlying Proceeding:* | This mandamus action arises out of the trial court's order that a merits-based deposition go forward before subject-matter jurisdiction is determined. In Collin County, the State of Texas (the "State") filed a lawsuit alleging that M. Brett Cooper, M.D. ("Dr. Cooper") violated Senate Bill 14, the Deceptive Trade Practices Act, and the Texas Controlled Substances Act by providing gender affirming care to teenage patients. Dr. Cooper pleaded to the Court's jurisdiction on the basis of sovereign immunity because he is employed by a State entity, the University of Texas Southwestern. The State's lawsuit likewise alleges that Dr. Cooper is an employee of the University of Texas Southwestern. Dr. Cooper's Plea first challenges the sufficiency of the pleadings and, in the alternative, the existence of facts affirmatively establishing jurisdiction. Over Dr. Cooper's objection, the Collin County Court ordered a merits-based deposition of a non-party patient take place alongside jurisdictional discovery, before ruling on the Plea. |
| *Respondent:* | The Honorable Christine A. Nowak, Presiding Judge, 493rd District Court, Collin County, Texas, Russel A. Steindam Courts Building, 2100 Bloomdale Road, McKinney, TX 75071. |
| *Respondent's Challenged Actions:* | The Collin County Court's order that a merits-based deposition proceed before ruling on Dr. Cooper's Plea to the Jurisdiction. |

1

## RECORD REFERENCES

"App." refers to the appendix to this petition. "M.R." refers to the mandamus record.

## STATEMENT OF JURISDICTION

This Court has mandamus jurisdiction under Texas Government Code Section 22.221. Tex. Gov't Code §§ 22.220 & 22.221.

## ISSUES PRESENTED

Whether a writ of mandamus should issue to correct the trial court's clear abuse of discretion by permitting a merits-based non-party deposition to proceed without first determining whether the court has subject-matter jurisdiction.

# INTRODUCTION AND OVERVIEW

This mandamus petition challenges the trial court's continued efforts to press forward with merits discovery before resolving Dr. Cooper's jurisdictional challenge. Dr. Cooper is a State employee sued in his official capacity as an Associate Professor and clinical physician at the University of Texas Southwestern ("UTSW"). The State alleges no differently. As a State employee, he has repeatedly urged the trial court to uphold his sovereign immunity defense under Section 101.106(f) of the Texas Tort Claims Act at the earliest opportunity.

Although the trial court has acknowledged Dr. Cooper's jurisdictional challenge and determined that limited jurisdictional discovery is necessary to resolve his Plea, it has nonetheless ordered that a merits-based deposition of non-party Patient 15 proceed in tandem—once again overstepping the bounds of permissible discovery while its own authority to hear the case remains unresolved. Patient 15— who cannot meaningfully speak to the dispositive jurisdictional question—is currently scheduled to be deposed on June 17, 2025. This represents an improper foray into the merits and thus exceeds the bounds of permissible discovery. Indeed, Texas law is unequivocal that "a court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

This order is an abuse of discretion for which Dr. Cooper lacks an adequate appellate remedy. *See In re Lamar Univ.*, No. 09-18-00241-CV, 2018 WL 3911062, at *2 (Tex. App.-Beaumont Aug. 16, 2018, orig. proceeding). Dr. Cooper does not ask this Court to resolve the immunity issue, nor does he challenge the trial court's discretion to order targeted jurisdictional discovery. Rather, he asks that the Court compel the trial court to fulfill its basic, threshold duty: determine whether it has subject-matter jurisdiction before allowing merits discovery. Without appellate intervention, Dr. Cooper will be forced to engage in the burdensome discovery and litigation that sovereign immunity is designed to prevent—burdens that extend not only to him, but also to the non-party patients, many of whom are minors, who are being compelled to participate in depositions that delve into merits-based topics far afield from the jurisdictional question. Mandamus relief is needed to halt this invasive and unwarranted discovery from vulnerable non-parties before the trial court has even confirmed its power to hear the case.

Mandamus relief is necessary to halt this improper exercise of judicial power and to ensure that threshold jurisdictional questions are resolved before any further proceedings occur.

## STATEMENT OF FACTS

This mandamus petition arises from a lawsuit by the State of Texas against Dr. Cooper, a UTSW employee. In his clinical role at UTSW, he provided safe,

4

legal, and age-appropriate gender-affirming care to teenage patients at UTSW's Plano campus and at Children's Health Medical Center Dallas ("Children's"). M.R. 84 (First Amended Petition ("FAP") ¶ 1). In November 2024, the State sued Dr. Cooper in his capacity as a UTSW employee under the Deceptive Trade Practices Act ("DTPA") and Senate Bill 14, codified at Texas Health and Safety Code Section 161.702(3) ("SB 14"). M.R. 11 (Verified Original Petition).

## I. Dr. Cooper Promptly And Repeatedly Asserted The Trial Court Lacks Jurisdiction.

As early as January 2025, Dr. Cooper invoked sovereign immunity as a defense. M.R. 46 (Original Answer). In February 2025, he moved to dismiss the State's DTPA claim under Section 101.106(f) of the Texas Tort Claims Act ("TTCA"), asserting that he is immune as a State employee who is being sued in his official capacity. *See* Tex. Civ. Prac. & Remedies Code § 101.106(f). M.R. 50 (Motion to Dismiss). Rather than comply with the TTCA's mandate to amend its pleadings and sue the governmental unit, the State instead added a third claim against Dr. Cooper under the Texas Controlled Substances Act ("TCSA"). M.R. 111 (FAP ¶ 197). After a hearing, the trial court denied Dr. Cooper's motion, but made no ruling on whether the State met its burden to allege jurisdiction. It instead held Dr. Cooper's sovereign immunity defense was "premature due to the 91A posture of Defendant's Motion." M.R. 220 (Order Denying Motion to Dismiss). The trial court explained it would "take up these arguments at the appropriate stage, when the Court

5

can properly consider evidence including any employment agreements, billing and payment records, and related testimony." *Id*. Neither the parties, nor the trial court treated this as a ruling on jurisdiction. Indeed, following this ruling, the trial court proceeded into the merits of the case by issuing numerous non-jurisdictional orders and setting a case schedule that does not contemplate jurisdictional discovery. M.R. 246–49.

The same day as the Motion to Dismiss hearing, Dr. Cooper served responses to the State's discovery requests, and also produced a limited number of documents, including his employment agreement with UTSW. Declaration of Avi Moshenberg ("Moshenberg Dec.") ¶ 2. He later subpoenaed from UTSW and Children's documents not only confirming UTSW's legal right to control his work as a UTSW employee, but also showing that UTSW billed for Dr. Cooper's services, even if they were provided to patients at Children's. M.R. 223 (Subpoena to Children's), 234 (Subpoena to UTSW). Dr. Cooper has since withdrawn these subpoenas because they contained both jurisdictional and merits-based requests. M.R. 959 (Notice of Withdrawal of Subpoena to UTSW), 975 (Notice of Withdrawal of Subpoena to Children's).

On April 25, 2025, Dr. Cooper filed a combined Plea to the Jurisdiction and Motion to Dismiss, this time asserting that the trial court lacked subject-matter jurisdiction as to all claims, including the new TCSA claim, because Section

6

101.106(f) of the TTCA confers sovereign immunity upon him. M.R. 260 (Plea to the Jurisdiction). His plea raises both facial and factual challenges. Alternatively—and only if his Plea to the Jurisdiction is denied—he seeks to dismiss the TCSA claim for failure to plead a cognizable cause of action. *Id. at* 261.

## II. The Trial Court Declined To Rule On Dr. Cooper's Plea To The Jurisdiction And Ordered Jurisdictional Discovery.

Initially, the trial court declined to hear Dr. Cooper's Plea, although it set both Dr. Cooper's Motion to Dismiss and the State's Motion to Compel for hearing on May 29, 2025. Moshenberg Dec. ¶ 4. However, following Dr. Cooper's mandamus petition, the trial court added Dr. Cooper's Plea to the May 29 hearing. App. 2 (May 23 Court Emails). At that hearing, the trial court did not hear argument on the Plea's substance. *See* M.R. 907 (May 29 Hr'g Tr.). Instead, based on its review of the filings, the trial court ostensibly ordered targeted jurisdictional discovery (while simultaneously "ordering the deposition to go forward" as to non-party Patient 15 on "both jurisdiction and merits"). *See id.* at 955. The trial court delineated the categories of jurisdictional discovery it deemed necessary to resolve the Plea:

- Billing and payment records for each of UT Southwestern, Children's, and then those that are patient-facing.

- A jurisdictional deposition of the individual medical provider. Here, that would be Cooper.

- A jurisdictional deposition of the hospital or entities involved. Here, that would be UT Southwestern and Children's.

7

- Any contractual agreements between UT Southwestern and Children's related to the medical providers; and as well, any agreements between UT Southwestern and Dr. Cooper, and Children's and Dr. Cooper.

- Any payment agreements between UT Southwestern and Children's, and similarly, any payment agreements between UT Southwestern and Dr. Cooper and Children's and Dr. Cooper.

- Patient disclosure forms, payment records, scheduling info, bylaws and handbooks.

M.R. 909. The trial court then directed the parties to confer off the record about any additional categories. *Id*. at 931. Back on the record, the parties discussed which document requests contained in Dr. Cooper's subpoenas to the hospitals went to these jurisdictional categories, and Dr. Cooper "agree[d] to withdraw the merits-based requests from the subpoena[s] at this time." *Id*. at 936. The trial court then discussed the 15th Court of Appeals' stay with the parties, hospitals, and non-party patients, and in light of the stay, declined to order document production by the hospitals. *Id.* at 944.

### III. Despite Dr. Cooper's Outstanding Plea, The Trial Court Also Ordered Merits Depositions Go Forward.

The trial court took a different approach to a non-party patient subpoenaed by the State. Although it did not delineate depositions of Dr. Cooper's patients as a category of jurisdictional discovery targeted to resolve the outstanding Plea to the Jurisdiction, the trial court ruled that patient "depositions that are already scheduled may proceed." M.R. 945. Dr. Cooper objected to the patient deposition going

8

forward on the grounds that it is merits-based discovery and is not agreed to by Dr. Cooper. M.R. 947–48. But the Court overruled that objection, reasoning that the stay entered by the 15th Court of Appeals and the Dallas County court foreclosed only document discovery and not deposition discovery:

> The stay entered by the Fifteenth Court and the orders by the Dallas County courts do not include depositions, so the Court finds those should proceed. I have raised concerns regarding depositions with no documents, but we'll go ahead at present. The parties have agreed the deposition of one of the nonparty patients will go forward on the 17th. The Court will be present in the courthouse on that day. I understand the deposition will occur here. I will make myself available to consider objections. No topics have to be served for the patient deposition.

*Id*. at 952. Dr. Cooper again objected "to [this] merits-based deposition moving forward while his Plea to the Jurisdiction remains pending," citing *Miranda*, 133 S.W.3d at 228 for the proposition that "a court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided," and explained that the State had not "raised anything that would be asked of this patient in a deposition that would go to the jurisdictional question." M.R. 955, 956. The trial court explained the deposition "would go to both jurisdiction and merits" and acknowledged the State has "identified that it will go in part to the merits," but ordered it to proceed anyway. *Id*. at 955.

Dr. Cooper objected again, requesting that "the Court stay all merits-based discovery in the case beyond just that deposition, any other patient depositions or other merits-based discovery." *Id*. at 956. The trial court declined. *Id*. at 957.

9

## STANDARD OF REVIEW

"Mandamus relief is available when the record shows (1) the trial court clearly abused its discretion or violated a duty imposed by law, and (2) the absence of an adequate remedy by appeal." *City of Galveston v. Gray*, 93 S.W.3d 587, 590 (Tex. App. 2002). This petition meets both requirements.

"A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law." *In re Lamar Univ.*, 2018 WL 3911062, at *2. Texas courts have consistently found an abuse of discretion when a trial court "subjects a governmental unit to pre-trial discovery and the costs incident to litigation without ruling on a plea to the jurisdiction." *See id*.

There is no adequate appellate remedy when parties "stand to lose their substantial rights," like a "statutory right to an interlocutory appeal" from a denial of a plea to the jurisdiction. *City of Galveston*, 93 S.W.3d at 590, 592. Parties further stand to lose their substantial rights where they are subject to the "burden and expense of litigation before their claims of immunity from suit have been determined." *In re Lamar Univ.*, 2018 WL 3911062, at *3. "In this regard, mandamus relief is available when a trial court litigates the merits of a case and delays ruling on a plea to the jurisdiction." *See In re Torres,* No. 13-17-00172-CV, 2017 WL 2665986, at *5 (Tex. App.—Corpus Christi June 21, 2017, orig.

proceeding) (collecting cases). Mandamus relief is appropriate in such cases even when the record "does not contain a written order pertaining to the trial court's deferral of its ruling on jurisdiction prior to the production of discovery responses." *See id*. at *4, n. 6.

## ARGUMENT

### I. The Trial Court Clearly Abused Its Discretion By Refusing To Rule On Subject-Matter Jurisdiction Before Proceeding To The Merits.

The trial court abused its discretion by pressing forward with merits discovery before determining the threshold question of whether it has subject-matter jurisdiction. Dr. Cooper has validly challenged the trial court's subject-matter jurisdiction on the grounds that—as a full-time State employee—he is immune from suit under Section 101.106(f) of the Texas Tort Claims Act. Settled law requires such a challenge to be resolved before a court proceeds to the merits. Despite this, the trial court has ordered a merits-based deposition of Patient 15 to go forward while Dr. Cooper's Plea remains outstanding. Texas law is clear: this is an abuse of discretion. *See, e.g.*, *City of Galveston*, 93 S.W.3d at 591.

### A. It Is A Fundamental Precept That A Court Must Have Subject-Matter Jurisdiction.

"Jurisdiction is a court's first consideration." *Diocese of Galveston-Houston v. Stone*, 892 S.W.2d 169, 174 (Tex. App.–Houston [14th Dist.] 1994, orig. proceeding). Courts must "have subject-matter jurisdiction before proceeding to the merits . . . in every case, ranging from the most banal to the most controversial."

11

*Texas Right to Life v. Van Stean*, 702 S.W.3d 348, 353 (Tex. 2024). Subject-matter jurisdiction is an operation of law, and "cannot be conferred upon any court by consent or waiver." *Fed. Underwriters Exch. v. Pugh*, 141 Tex. 539, 541 (1943). A sovereign immunity defense goes to the court's subject-matter jurisdiction and is therefore properly raised in a plea to the jurisdiction. *City of Austin v. Quinlan*, 669 S.W.3d 813, 818 (Tex. 2023); *see also Rivera v. Sonnenschein*, 708 S.W.3d 294, 297 n.9 (Tex. App. [15th Dist.] 2025) (explaining that State-level government entities "enjoy 'sovereign immunity' rather than 'governmental immunity' although the two are synonymous.").

Without jurisdiction, a court has no power to issue relief. *See In re City of Dallas*, 501 S.W.3d 71, 74 (Tex. 2016). Nor can it proceed to a case's merits. *Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023) ("Just one valid jurisdictional obstacle is enough for the court to halt further proceedings. The fundamental rule is that the court may not reach the merits if it finds a single valid basis to defeat jurisdiction."). Trial courts must therefore determine subject-matter jurisdiction "at [the] earliest opportunity." *Texas Dep't of Parks & Wildlife, v.* 133 S.W.3d at 226; *see also The State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) ("As a general proposition, before a court may address the merits of any case, the court must have . . . jurisdiction over the subject matter . . . and capacity to act as a court.").

## B. The Trial Court's Jurisdiction Has Been Rightfully Challenged.

Dr. Cooper has challenged the trial court's subject-matter jurisdiction because he is immune from suit under Section 101.106(f) of the Texas Tort Claims Act. M.R. 260–61 (Dr. Cooper's Plea to the Jurisdiction); *see also Wheeler v. L. Off. of Frank Powell*, No. 01-22-00479-CV, 2023 WL 5535670, at *4 (Tex. App. Aug. 29, 2023) ("A motion to dismiss filed pursuant to section 101.106(f)—which by its nature raises a claim of governmental immunity—challenges the trial court's subject-matter jurisdiction.").

On April 25, 2025, Dr. Cooper pleaded to the trial court's jurisdiction, challenging both the sufficiency of the State's pleadings and, if necessary, the existence of facts affirmatively establishing jurisdiction.[1] M.R. 266-67 (Dr. Cooper's Plea to the Jurisdiction). *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018) ("Immunity from suit may be asserted through a plea to the jurisdiction or other procedural vehicle, such as a motion for summary judgment. A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both."). In short, Dr. Cooper argued he is immune because

---

[1] Alternatively, the Plea may be considered a pleadings-based jurisdictional challenge because it does not "dispute any of the alleged facts" relating to sovereign immunity. *In re Dallas Cnty.*, No. 05-21-01144-CV, 2022 WL 1467987, at *3 (Tex. App.—Dallas May 10, 2022, no pet.) (finding that the "pleas to the jurisdiction constitute a pleadings-based jurisdictional challenge because they do not dispute any of the alleged facts relating to" the jurisdictional issue). The evidence attached to Dr. Cooper's Plea confirms the State's relevant allegations—it does not challenge or contradict them.

13

(1) he is a government employee, (2) the lawsuit is based on conduct within the scope of his employment, and (3) the lawsuit could have been brought under the TTCA against his governmental employer. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f).

It is uncontroverted that Dr. Cooper is "an employee of the University of Texas Southwestern Medical Center," a State entity. M.R. 83 (FAP ¶ 1). Indeed, that is the very first allegation in the very first paragraph of the State's operative pleading. It is also uncontroverted that the State is suing Dr. Cooper for actions taken "in the course of his medical practice" as a State employee. M.R. 111 (FAP ¶ 197). And there can be no dispute that the State's claims could have been brought under the TTCA. S*ee Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658–59 (Tex. 2008) ("[A]ll tort theories alleged against a governmental unit . . . are assumed to be under the Tort Claims Act for purposes of section 101.106.") (cleaned up). Dr. Cooper's plea is therefore a proper assertion of immunity that the trial court must address "as soon as practicable." *Miranda*, 133 S.W.3d at 227.

## C. The Trial Court Abused Its Discretion By Ordering Merits Discovery Go Forward In Tandem With Jurisdictional Discovery.

Despite Dr. Cooper's outstanding jurisdictional challenge, the trial court has ordered that merits-based discovery—specifically, the deposition of non-party Patient 15—go forward. Because (1) the trial court affirmed on the record that this

deposition is at least partially merits-based and (2) Patient 15 cannot meaningfully speak to the dispositive jurisdictional question, this order is an abuse of discretion.

During the May 29 hearing, the trial court declined to hear argument on the substance of, or rule on, Dr. Cooper's Plea, and instead ordered jurisdictional discovery to proceed. M.R. 907, 911 (May 29 Hr'g Tr.). To be clear, although Dr. Cooper does not think it is necessary, he does not challenge the trial court's power to order jurisdictional discovery before ruling on his Plea. But Texas law is settled that when a jurisdictional challenge remains outstanding, a court abuses its discretion if it orders **merits** discovery. *In re Lamar Univ.*, 2018 WL 3911062 at *3 ("A trial court has discretion to permit the parties to conduct limited discovery on jurisdictional issues . . . The trial court's decision to allow expedited discovery that is unrelated to the jurisdictional issue that is before the trial court was an abuse of the trial court's discretion to control discovery in the case.").

Yet, that is what the trial court has done by ordering that the Patient 15 deposition proceed. This deposition is not confined to jurisdictional facts. The Court did not identify patient depositions as a category of jurisdictional discovery needed to resolve Dr. Cooper's Plea. M.R. 909–10 (May 29, 2025 Hr'g Tr.). And the Court expressly acknowledged the deposition of Patient 15 would go "in part to the merits." *Id.* at 955. This alone is enough to warrant the trial court at least expressly confine the scope of such a deposition to jurisdictional topics. *See In re*

15

*JANA Corp.*, 628 S.W.3d 526, 527; 530 (Tex. App.—Austin 2020. orig. proceeding) (finding a "clear abuse of discretion" where the trial court authorized deposition topics that inquired "into both the jurisdictional question and the merits of the case.").

Moreover, the State has failed to articulate a disputed jurisdictional fact that Patient 15—who was a minor at the relevant time—could speak to. *See Casper v. Texas Woman's Univ.*, No. 02-22-00345-CV, 2023 WL 5617129, at *15 (Tex. App. Aug. 31, 2023), review denied (June 14, 2024) (party "was only entitled to targeted discovery if 'necessary to illuminate jurisdictional facts.'") (citing *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012)). Obviously, Patient 15, and any other patient for that matter, would have very limited insight into facts relevant to the trial court's subject matter jurisdiction. The trial court previously described the dispositive question as being "who had control, the legal right to control the treatment that was being provided." M.R. 205 (February 28, 2025 Hr'g Tr.). This is an objective question, and Patient 15's subjective beliefs about Dr. Cooper's employment status have no bearing on whether he was, in fact, acting within the scope of his UTSW employment. This legal question is instead governed by objective facts such as contracts, billing records, and institutional control. Patient 15 cannot offer any jurisdictional testimony, and ordering their deposition to go forward was improper. *Cf. Quested v. City of Houston*, 440 S.W.3d 275, 282 (Tex.

16

App.—Houston [14th Dist.] 2014, no pet.) (holding a trial court did not abuse its discretion by denying a continuance for further jurisdictional discovery where none of the requested discovery would go to the dispositive issue—whether a government employee was acting within the scope of employment).

To be clear, whether Dr. Cooper followed UTSW policy or procedures is not a jurisdictional issue here. That question would only be relevant if the State had pleaded an *ultra vires* claim, which it has not done. *See* M.R. 201 (February 28, 2025 Hr'g Tr.) ("Dr. Cooper himself was not sued in his official capacity. He was sued in his individual capacity."); *cf. City of Austin v. Util. Assocs. Inc.,* 517 S.W.3d 300, 308 (Tex. App.-Austin 2017, pet. denied) ("[an *ultra vires*] suit must formally be pleaded against a governmental official, in his or her official capacity…"); *see also* M.R. 114 (FAP ¶ 207(i)) (seeking civil penalties as a form of relief); *cf. City of El Paso v. Heinrich*, 284 S.W.3d 366, 376 (Tex. 2009) (*ultra vires* suits only allow for "prospective injunctive relief"). The State's efforts to characterize Dr. Cooper's adherence to UTSW policy as a jurisdictional question is a thinly veiled attempt to smuggle in an *ultra vires* claim that it has not actually pleaded.

Because the Patient 15 deposition is merits-based, it must not proceed until Dr. Cooper's jurisdictional challenge is resolved. Ordering otherwise is an abuse of discretion.

**II.** **There Is No Adequate Appellate Remedy Because Dr. Cooper Has Been Denied His Statutory Right To Interlocutory Appeal.**

The trial court's abuse of discretion has further stripped Dr. Cooper of an adequate appellate remedy. The legislature gave State employees like Dr. Cooper the right to an accelerated appeal upon the denial of an immunity-based plea to the jurisdiction. By ordering merits discovery before ruling on his Plea, the trial court has deprived Dr. Cooper of his substantial right to this remedy, in contravention of legislative intent. *In re Lamar Univ.,* 2018 WL 3911062, at *3. Mandamus is necessary to correct this error.

In establishing Civil Practices and Remedies Code Section 51.014, the Texas legislature decided that "the State should not have to expend resources in trying a case on the merits if it is immune from suit." *City of Galveston*, 93 S.W.3d at 592. This policy choice protects the State and its employees from "the expense of unnecessary litigation, including pretrial discovery," through the right to an accelerated interlocutory appeal if an immunity-based plea is denied. *See In re Bexar Medina Atascosa Ctys. Water Control & Improvement Dist. No. One*, No. 04-24-00538-CV, 2025 WL 466069, at *5 (Tex. App. Feb. 12, 2025) ("The Legislature specifically granted governmental units . . . the right to an accelerated appeal from a ruling on plea to the jurisdiction for the purpose of avoiding the expense of unnecessary litigation, including pretrial discovery."); Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

18

As a State employee, Dr. Cooper is entitled to this substantial right. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) ("Given that Section 51.014(a)(8) necessarily applies to entities other than governmental units, there is no basis for construing it to exclude state officials."). But he cannot exercise this right if the trial court proceeds to the merits before resolving his jurisdictional challenge. By pressing forward with a merits deposition despite recognizing the need for targeted jurisdictional discovery before resolving Dr. Cooper's Plea, the trial court is forcing Dr. Cooper, a State employee, to expend resources litigating the merits of a case it does not have jurisdiction to rule over—exactly what the legislature sought to prevent. *See City of Galveston*, 93 S.W.3d at 591. Mandamus relief is therefore needed here to comport with the legislature's intent. *See In re Tex. Bd. of Pardons & Paroles*, 2024 WL 4891065, at *4 (Tex. App.—Dallas Nov. 26, 2024, no pet.) ("[G]iven the purpose of sovereign immunity, we conclude that mandamus is an efficient manner of resolving" a trial court's refusal to rule on a jurisdictional motion "prior to ordering it to submit to discovery.") (internal citation omitted).

Again, this principle is settled. Texas courts, when presented with this same question, consistently reach the same conclusion. *See City of Galveston*, 93 S.W.3d at 591 (Tex. App. 2002) ("The city and the county argue a governmental unit's entitlement to be free from suit is effectively lost if the trial court erroneously

19

assumes jurisdiction and subjects the governmental unit to pre-trial discovery and the costs incident to litigation; therefore the trial court abuses its discretion and there is no adequate remedy at law. ***We agree.***") (emphasis added); *In re Lamar Univ.,* 2018 WL 3911062 at *3 ("The trial court's refusal to rule on the plea to the jurisdiction deprives the governmental unit of its substantial right to an accelerated appeal."); *In re Bexar*, 2025 WL 466069 at *5 (collecting cases where "relators had no adequate remedy by appeal because the trial court's order subjected them to the burden and expense of litigation before determining their claims of immunity from suit.").

The trial court's abuse of discretion has left Dr. Cooper without an adequate appellate remedy. Mandamus is necessary here to correct this error and to safeguard the statutory rights the Legislature provided to protect State employees like Dr. Cooper.

## CONCLUSION

The trial court has disregarded Texas precedent by ordering a merits deposition to go forward while Dr. Cooper's jurisdictional challenge remains outstanding, and by denying Dr. Cooper's request for a stay of merits discovery until the resolution of his Plea. This improper sequencing violates controlling law, provides no meaningful jurisdictional insight, and imposes needless burdens on the parties and the courts. Dr. Cooper only seeks what Texas law requires: a ruling on

20

jurisdiction before the litigation proceeds. The trial court's defiance of that rule is an affront to the Legislature's command and this Court's appellate authority.

Dr. Cooper respectfully requests that this Court issue a writ directing the trial court to refrain from proceeding to the merits of this case until it decides Dr. Cooper's pending Plea to the Jurisdiction.

## **PRAYER**

For these reasons, this Court should grant mandamus relief and issue a writ directing the Collin County Court to stay all merits-based discovery, including the Patient 15 deposition, until it decides Dr. Cooper's Plea to the Jurisdiction.

Dated: June 10, 2025

Respectfully submitted,

*/s/ Avi Moshenberg*
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
LAWSON & MOSHENBERG PLLC
801 Travis Street, Suite 2101 #838
Houston, TX 77002
(832) 280-5670
Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

Simona Agnolucci (*application for pro hac admission pending*)
Barrington Dyer (*application for pro hac admission pending*)
Jennifer J. Hardy
Texas Bar No. 24096068

21

Anika Holland (*application for pro hac admission pending*)
Emily Abbey (*application for pro hac admission pending*)
Isabella McKinley Corbo (*application for pro hac admission pending*)
Zoe Packman (*application for pro hac admission pending*)
Rodolfo Rivera Aquino (*application for pro hac admission pending*)
Remy Carreiro (*application for pro hac admission pending*)
Emma Rodriguez (*application for pro hac admission pending*)

WILLKIE FARR & GALLAGHER LLP
333 Bush St, 34th Floor
San Francisco, CA 94104
(415) 858-7470
sagnolucci@willkie.com
bdyer@willkie.com
aholland@willkie.com
eabbey@willkie.com
icorbo@willkie.com
zpackman@willkie.com
rriveraaquino@willkie.com
rcarreiro@willkie.com
erodriguez@willkie.com

Attorneys for Defendant
M. Brett Cooper, M.D.

**CERTIFICATE OF FACTUAL SUPPORT**

I hereby certify that I have reviewed the foregoing document and concluded that every factual statement in the foregoing document is supported by competent evidence included in the appendix or the record.

*/s/ Avi Moshenberg*
Avi Moshenberg

**CERTIFICATE OF COMPLIANCE**

As required by Texas Rule of Appellate Procedure 9(i)(1), I hereby certify that the foregoing Petition for Writ of Mandamus contains 4,569 words.

*/s/ Avi Moshenberg*
Avi Moshenberg

**CERTIFICATION OF SERVICE**

I certify that the foregoing was served upon all interested parties pursuant to TRAP 9.5(b)(2).

*/s/ Avi Moshenberg*
Avi Moshenberg

## NO. _____

IN THE FIFTEENTH DISTRICT COURT OF APPEALS FOR THE STATE OF TEXAS AT AUSTIN, TEXAS

**In re M. Brett Cooper, M.D.,**
*Relator*

On Petition for Writ of Mandamus
From the 493rd District Court at Collin County, Texas
Cause No. 493-08026-2024
The Honorable Judge Christine A. Nowak, Presiding

**APPENDIX INDEX**

| Tab | Description |
|-----|-------------|
| 1 | May 23, 2025 Email thread with parties and Court Coordinator |
| 2 | May 29, 2025 Motion Hearings Transcript |

**VERIFICATION**

My name is Avi Moshenberg, my date of birth is March 16, 1986. I am over the age of 18 years and am fully competent to make this declaration. My law firm address is 2301 Commerce Street, Houston, TX 77002. I am an attorney at Lawson & Moshenberg. I serve as counsel for Relator Dr. M. Brett Cooper M.D. in the above-captioned case. I am admitted to practice law in the State of Texas. I prepared the record and appendix in this case.

Based on my personal knowledge, the following facts are true and correct:

The documents in this Appendix are true and correct copies of communications with the 493rd Judicial District Court, and the official hearing transcript.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Houston, Texas on June 10, 2025.

*/s/ Avi Moshenberg*
Avi Moshenberg

# Appendix
# Tab 1

**Carreiro, Remy**

| | |
|---|---|
| **From:** | Amy Patterson <apatterson@co.collin.tx.us> |
| **Sent:** | Friday, May 23, 2025 6:52 AM |
| **To:** | Packman, Zoe; Rob Farquharson; Abbey, Emily; Patrick Todd; wlogan@winston.com; awolf@steptoe.com; jlascano@steptoe.com; Johnathan Stone; dpadley@steptoe.com; nonparty-patient-counsel@winston.com; Pauline Sisson; Emily Samuels; jnewsome@winston.com; David Shatto; jackie.cooper@cooperscully.com; Amy Pletscher; cory.sutker@cooperscully.com |
| **Cc:** | WFG_DrCooper |
| **Subject:** | RE: 493-08026-2024 State of Texas v. Cooper |

**\*\*\* EXTERNAL EMAIL \*\*\***

Counsel, this Court has received Dr. Cooper's Emergency Motion to Stay filed with the Fifteenth Court of Appeals raising concerns regarding the failure of the Court to set the pending plea to jurisdiction. It was the Court's intention to speak with the Parties further regarding this Motion, including the issue the Court broached in earlier correspondence - what, if any, targeted jurisdictional discovery is needed/must occur before the Court can rule on the motion - on May 29.  However, given the concerns raised by briefing, we will formally add the plea to the docket for May 29 alongside the other motions we have been asked to set.  Judge Nowak asks that supplemental briefing be filed by the Parties on or before noon on May 28 specifying what targeted jurisdictional discovery, if any, has been requested/is still needed/has occurred including specifically on the issues of employment/privileges of Dr. Cooper.

*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

Please send all scheduling request to **493@co.collin.tx.us** for a faster response time.

---

**From:** Packman, Zoe <ZPackman@willkie.com>
**Sent:** Thursday, May 22, 2025 11:06 PM
**To:** Rob Farquharson <Rob.Farquharson@oag.texas.gov>; Amy Patterson <apatterson@co.collin.tx.us>; Abbey, Emily <EAbbey@willkie.com>; Patrick Todd <Patrick.Todd@oag.texas.gov>; wlogan@winston.com; awolf@steptoe.com; jlascano@steptoe.com; Johnathan Stone <Johnathan.Stone@oag.texas.gov>; dpadley@steptoe.com; nonparty-patient-counsel@winston.com; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Emily Samuels <Emily.Samuels@oag.texas.gov>; jnewsome@winston.com; David Shatto <David.Shatto@oag.texas.gov>; jackie.cooper@cooperscully.com; Amy Pletscher <Amy.Pletscher@oag.texas.gov>; cory.sutker@cooperscully.com
**Cc:** WFG_DrCooper <WFG_DrCooper@willkie.com>
**Subject:** RE: 493-08026-2024 State of Texas v. Cooper

**\*\*\*\*\* WARNING:** External Email. Do not click links or open attachments that are unsafe. **\*\*\*\*\***

Good evening Ms. Patterson and counsel,

App. 2

Please find attached Dr. Cooper's Reply in support of his Emergency Motion to Stay, which was filed this evening in Case No. 15-25-00094-CV in the 15th Court of Appeals.

Thank you,
Zoe

**Zoe Packman**
**Willkie Farr & Gallagher LLP**
333 Bush St | San Francisco, CA 94104
Direct: +1 415 858 7404 | Fax: +1 415 858 7599
zpackman@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Rob Farquharson <Rob.Farquharson@oag.texas.gov>
**Sent:** Thursday, May 22, 2025 12:44 PM
**To:** Amy Patterson <apatterson@co.collin.tx.us>; Abbey, Emily <EAbbey@willkie.com>; Patrick Todd <Patrick.Todd@oag.texas.gov>; wlogan@winston.com; awolf@steptoe.com; jlascano@steptoe.com; Johnathan Stone <Johnathan.Stone@oag.texas.gov>; dpadley@steptoe.com; nonparty-patient-counsel@winston.com; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Emily Samuels <Emily.Samuels@oag.texas.gov>; jnewsome@winston.com; David Shatto <David.Shatto@oag.texas.gov>; jackie.cooper@cooperscully.com; Amy Pletscher <Amy.Pletscher@oag.texas.gov>; cory.sutker@cooperscully.com
**Cc:** WFG_DrCooper <WFG_DrCooper@willkie.com>
**Subject:** RE: 493-08026-2024 State of Texas v. Cooper

**\*\*\* EXTERNAL EMAIL \*\*\***

Ms. Patterson:

The State's Response to Dr. Cooper's Emergency Motion to Stay in the 15th COA is attached.

All the best,

Rob



Rob Farquharson
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Texas

**From:** Amy Patterson <apatterson@co.collin.tx.us>
**Sent:** Thursday, May 22, 2025 2:33 PM
**To:** 'Abbey, Emily' <EAbbey@willkie.com>; Patrick Todd <Patrick.Todd@oag.texas.gov>; wlogan@winston.com; awolf@steptoe.com; jlascano@steptoe.com; Johnathan Stone <Johnathan.Stone@oag.texas.gov>; dpadley@steptoe.com; nonparty-patient-counsel@winston.com; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; Emily Samuels <Emily.Samuels@oag.texas.gov>; jnewsome@winston.com; David Shatto <David.Shatto@oag.texas.gov>; jackie.cooper@cooperscully.com; Rob Farquharson <Rob.Farquharson@oag.texas.gov>; Amy Pletscher <Amy.Pletscher@oag.texas.gov>; cory.sutker@cooperscully.com
**Cc:** WFG_DrCooper <WFG_DrCooper@willkie.com>
**Subject:** RE: 493-08026-2024 State of Texas v. Cooper

App. 3

Thank you. I was finally able to receive the four documents. We have not received a copy of the response. Please provide the Court with a copy of the response.


*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to 493@co.collin.tx.us for a faster response time.**

---

**From:** Abbey, Emily <EAbbey@willkie.com>
**Sent:** Thursday, May 22, 2025 2:25 PM
**To:** Amy Patterson <apatterson@co.collin.tx.us>; patrick.todd@oag.texas.gov; wlogan@winston.com; awolf@steptoe.com; jlascano@steptoe.com; johnathan.stone@oag.texas.gov; dpadley@steptoe.com; nonparty-patient-counsel@winston.com; pauline.sisson@oag.texas.gov; emily.samuels@oag.texas.gov; jnewsome@winston.com; david.shatto@oag.texas.gov; jackie.cooper@cooperscully.com; rob.farquharson@oag.texas.gov; amy.pletscher@oag.texas.gov; cory.sutker@cooperscully.com
**Cc:** WFG_DrCooper <WFG_DrCooper@willkie.com>
**Subject:** Re: 493-08026-2024 State of Texas v. Cooper

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms. Patterson:

Apologies for the issue, we will re-send the documents to the Court.

Thank you,

On May 22, 2025 at 12:09:22 PM PDT, Amy Patterson <apatterson@co.collin.tx.us> wrote:

**\*\*\* EXTERNAL EMAIL \*\*\***

The Court is unable to access the document.


*Thank you,*
*Amy Patterson*
Court Coordinator, 493rd District Court
Ph#214-491-4870

**You MUST appear for your hearings unless the Court tells you otherwise.**

**Please send all scheduling request to 493@co.collin.tx.us for a faster response time.**

App. 4

**Emily Abbey**
**Willkie Farr & Gallagher LLP**
333 Bush St | San Francisco, CA 94104
Direct: +1 415 858 7479 | Fax: +1 415 858 7599
eabbey@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** eabbey@willkie.com <eabbey@willkie.com>
**Sent:** Wednesday, May 21, 2025 11:30 PM
**To:** patrick.todd@oag.texas.gov; wlogan@winston.com; awolf@steptoe.com; jlascano@steptoe.com; Amy Patterson <apatterson@co.collin.tx.us>; johnathan.stone@oag.texas.gov; dpadley@steptoe.com; nonparty-patient-counsel@winston.com; pauline.sisson@oag.texas.gov; emily.samuels@oag.texas.gov; jnewsome@winston.com; david.shatto@oag.texas.gov; jackie.cooper@cooperscully.com; rob.farquharson@oag.texas.gov; amy.pletscher@oag.texas.gov; cory.sutker@cooperscully.com
**Cc:** wfg_drcooper@willkie.com
**Subject:** 493-08026-2024 State of Texas v. Cooper

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****



# eabbey@willkie.com sent you a secure message

### Access message

Enclosed please find Dr. Cooper's Petition for Writ of Mandamus and Emergency Motion to Stay filed this evening in the 15th Court of Appeals.

 Attachments expire on May 29, 2025

This message requires that you sign in to access the message and any file attachments.

If you believe you received this email in error, please contact helpdesk@willkie.com Important Notice: This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively

contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.



**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

# Appendix
# Tab 2

REPORTER'S RECORD

TRIAL COURT CAUSE NO. 493-08026-2024

THE STATE OF TEXAS,          §   IN THE DISTRICT COURT
                             §
                             §
           Plaintiff,        §
                             §
VS.                          §   493RD JUDICIAL DISTRICT
                             §
                             §
M. BRETT COOPER, M.D.,       §
                             §
                             §
           Defendant.        §   COLLIN COUNTY, TEXAS

-----------------------------

MOTION HEARING

&

PLEA TO THE JURISDICTION

-----------------------------

On the 29th day of May, 2025, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Christine Nowak, Judge presiding, held in McKinney, Collin County, Texas;

Proceedings reported by machine shorthand.

ASHLEY L. BOYD, TEXAS CERTIFIED SHORTHAND REPORTER #11998

A P P E A R A N C E S

FOR THE PLAINTIFF, THE STATE OF TEXAS:

     MR. DAVID SHATTO
     SBOT: #24104114
     OFFICE OF THE ATTORNEY GENERAL
     PO Box 12548
     Austin, Texas 78711
     Phone: 512-936-2613
     David.shatto@oag.texas.gov

     MR. ROBERT FARQUHARSON
     SBOT: #24100550
     OFFICE OF THE ATTORNEY GENERAL
     PO Box 12548
     Austin, Texas 78711
     Phone: 512-936-2613
     Rob.Farquharson@oag.texas.gov


FOR THE DEFENDANT, M. BRETT COOPER, M.D.:

     MS. ANIKA HOLLAND
     CA Bar#336071
     WILLKIE FARR & GALLAGHER, LLP
     333 Bush Street
     Floor 34
     San Francisco, California 94104
     Phone: 415-858-7411
     Aholland@willkie.com

     MS. REMY CARREIRO
     CA Bar#359384
     Willkie Farr & Gallagher, LLP
     333 Bush Street
     Floor 34
     San Francisco, California 94104
     Phone: 415-858-7411
     Rcarreiro@willkie.com

     MS. EMMA RODRIGUEZ
     CA Bar#359429
     Willkie Farr & Gallagher, LLP
     333 Bush Street
     Floor 34
     San Francisco, California 94104
     Phone: 415-858-7411
     Erodriguez@willkie.com

- AND -

     MR. AVI MOSHENBERG
     SBOT: #24083532
     LAWSON & MOSHENBERG, PLLC
     801 Travis Street
     Suite 2101 #838
     Houston, Texas 77002
     Phone: 832-280-5670
     Avi.moshenberg@lmbusinesslaw.com


FOR THE NONPARTY PATIENTS:

     MR. WILLIAM LOGAN
     (VIA ZOOM)
     SBOT: #24106214
     WINSTON & STRAWN, LLP
     800 Capitol Street
     Suite 2400
     Houston, Texas 77002
     Phone: 713-651-2766
     Wlogan@winston.com

     MR. THANH D. NGUYEN
     (VIA ZOOM)
     SBOT: #24126931
     WINSTON & STRAWN, LLP
     800 Capitol Street
     Suite 2400
     Houston, Texas 77002
     Phone: 713-651-2766
     TNguyen@winston.com


FOR THE NONPARTY, CHILDREN'S HEALTH:

     MS. JACKIE COOPER
     SBOT: #24050861
     COOPER & SCULLY, PC
     900 Jackson Street
     Suite 100
     Dallas, Texas 75202
     Phone: 214-712-9500
     Jackie.Cooper@cooperscully.com

FOR THE NONPARTY, UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER:

    MR. PATRICK TODD
    (VIA ZOOM)
    SBOT: #24106513
    ADMINISTRATIVE LAW DIVISION
    PO Box 12548, Capitol Station
    Austin, Texas 78711
    Phone: 512-936-1660
    Patrick.todd@oag.texas.gov


FOR MAY C. LAU, M.D.:

    MS. NICOLE LEBOEUF
    (VIA ZOOM)
    SBOT: #00791091
    LEBOEUF LAW, PLLC
    325 North Saint Paul Street
    Suite 3400
    Dallas, Texas 75201
    Phone: 214-626-9803
    Nicole@leboeuflaw.com

I N D E X

(PLEA TO THE JURISDICTION & MOTION HEARING)

5/29/25                                          Page    Vol

Appearances....................................2

Proceedings....................................6

Court's rendition of mandamus filing..........7

Court's ruling on plea to the jurisdiction.....11

Defendant Cooper's motion to dismiss..........20
State's response..............................28
Defendant Cooper's response...................33
Court's conclusions...........................34

Jurisdictional discovery/discovery............35

Adjournment...................................61

Reporter's certificate........................62

P R O C E E D I N G S

THE COURT: At this time we're going to be on the record. This is Cause Number 493-08026-2024. This is the State of Texas versus M. Brett Cooper, M.D. At this time if I could have a formal appearance for the record on behalf of Plaintiff.

MR. FARQUHARSON: Thank you, Judge. This is Rob Farquharson and David Shatto for the State.

THE COURT: Thank you. Defendant.

MS. HOLLAND: Good afternoon, Your Honor. Anika Holland for Dr. Cooper.

MS. RODRIGUEZ: Emma Rodriguez for Dr. Cooper.

MS. CARREIRO: Remy Carreiro for Dr. Cooper.

MR. MOSHENBERG: Avi Moshenberg for Dr. Cooper, Your Honor.

THE COURT: Thank you. And anyone else in that second row, are you going to be placing your appearances on the record? No?

If I can come over here.

MS. COOPER: Good afternoon, Judge. Jackie Cooper for Children's Health, nonparty. And this is Hanna Sull. She's with us just as a law clerk today.

THE COURT: Thank you. If I can have each

of those persons present on Zoom state their names and the entity on which they are here observing.

MS. LEBOEUF: Nicole LeBoeuf at LeBoeuf Law observing on behalf of Dr. Lau.

MR. LOGAN: William Logan from Winston & Strawn observing on behalf of the nonparty patients, and with me today is Thanh Nguyen.

MR. TODD: Patrick Todd, OAG, representing nonparty UT Southwestern, and also with me are Zoe Alvarez and Griffin Camacho.

THE COURT: Thank you. I think that covers everyone.

We are set here today on three motions. Cooper's plea to the jurisdiction and 91a motion to dismiss, those are set forth in one filing, and as well, the State's motion to compel.

At the outset, before we turn to any argument on the motions, the Court is going to address the recent mandamus filing, which was mooted by the setting of the hearing on the plea.

Dr. Cooper filed an emergency motion to stay in a petition for writ of mandamus urging the Fifteenth Court of Appeals to take action due to this Court's alleged refusal to hear and rule on the plea. The arguments that are raised by Dr. Cooper in the now

plea were first raised via a motion to dismiss that was filed on February 3rd of 2025, which the Court fully heard on February 28th, 2025. To be abundantly clear, the arguments that are raised in the motion to dismiss are virtually identical to those that are in the now-pending plea.

At hearing on the motion to dismiss on February 28th, 2025, the Court, after reviewing the cases that are now cited again in the plea by Dr. Cooper, deny the motion as premature, expressly finding that the Court had to consider evidence to determine the issues. I encouraged the parties at that time to engage in discussions about what relevant jurisdictional discovery was needed before the Court could address the arguments.

Upon receipt of the plea, the court coordinator, at my direction, advised the parties that I was going to review the February 28th transcript and as well wanted to speak with the parties before setting the plea. That e-mail dated May 6th from the Court identified that we appeared to be similarly postured, as we were, at the February 28th hearing and the Court had a need to speak and discuss with the parties the jurisdictional discovery, because absent completion of such discovery, it appeared we were not ripe to reset

Dr. Cooper's plea and that, in effect, Dr. Cooper was, in essence, merely asking the Court to reconsider its prior ruling.

The parties have pointed fingers at each other for the failing of the jurisdictional discovery to go forward. But after review of all filings in connection with today's hearings, it appears everyone agrees that no jurisdictional discovery has, in fact, been completed.

In fact, frankly, in both the Cooper and the Lau cases, discovery in these matters has all been essentially ground to a halt and this Court is precluded from moving forward until resolution of the mandamuses that are pending before the Fifteenth Court of Appeals and, in part, based upon the purported stay of any discovery applicable to UT Southwestern and Children's by the Dallas court.

Here today, we are set on the plea. To be abundantly clear, the e-mails that the Court sent and after review of all the filings still reflects the Court's view of the plea. Jurisdictional discovery must go forward before the Court can address the immunity arguments on other grounds that have been raised. I don't find that there has been any substantive change in the case since the filing of the motion to dismiss which

raised those jurisdictional arguments.

We'll be discussing here today and what the Court has intended to discuss with the parties and, as Ms. Patterson's e-mails abundantly made clear, was what jurisdictional discovery must take place so the Court can rule on those arguments.

Another item that we have to address before moving forward here today, Dr. Cooper asserted before the Fifteenth Court that it was improper for this Court to set the motion to dismiss for hearing. Well, Dr. Cooper filed the motion to dismiss and plea together. So I'll just note they are contained in the same filing and it was requested in Ms. Patterson's e-mail that the Court set the motion to dismiss.

You've now urged that it was improper for the Court to do so, so I will be asking at this time, are you asking to go forward with hearing on the motion to dismiss here today, or are you withdrawing your request to go forward with hearing on the motion to dismiss pending identification of the jurisdictional discovery?

MS. HOLLAND: Your Honor, I think it depends a bit on how argument goes with regard to the -- with the plea. Of course, if Your Honor were to grant our plea, there would be no need for a hearing on the

motion to dismiss.

THE COURT: To be clear, my ruling on the plea, having reviewed all of the filings, is that we have not moved forward from the February 28th hearing, that jurisdictional discovery is needed, and we will be identifying the jurisdictional discovery that will occur within the next 30 days today. That is the Court's ruling on the plea.

And against that backdrop, I need to hear whether you are asking to have argument on your motion to dismiss today or are you pull down the hearing on the motion to dismiss.

MS. HOLLAND: Your Honor, we're happy to have the Court hear argument on the motion to dismiss, but we would, you know, contend that it would be improper for there to be a ruling on the motion to dismiss while the question of jurisdiction is still up in the air.

THE COURT: I feel that that is a somewhat muddy response, Counsel. It is either you are asking to go forward with argument today or you are not asking to go forward with argument today. Which do you choose?

MS. HOLLAND: Your Honor, we would ask to go forward with argument today. And our understanding is that the Court will also hear argument on the motion

to compel today. That's another merits-based motion. We understand that by ordering jurisdictional discovery, Your Honor won't be ordering merits-based discovery in this matter. So to the extent that you're hearing those arguments, as a matter of expediency, we're fine with that. But again, we would just say that it would be improper to rule on the merits of the motion to dismiss or the motion to compel.

THE COURT: So as it relates to the motion to dismiss, in light of your response, the Court will hear argument today. We'll turn to that momentarily.

The Court's had a full opportunity to review each and every one of the cases cited by both parties in connection with the employment and control issue. I'm going to highlight the items that each of those cases identify are the relevant documents that courts have considered, properly, in deciding the issues presented by the plea to jurisdiction.

Following argument on the motion to dismiss, we will take a recess so that the parties can discuss these categories of documents. Again, I am somewhat concerned about our ability to accomplish this or any discovery in this case because a number of the documents that will be required are documents required from Children's and UT Southwestern, and frankly, the

Dallas Court of Appeals order purports to require no discovery whatsoever to go forward as to UT Southwestern and Children's at this juncture.

At this time, I'll delineate:

Billing and payment records for each of UT Southwestern, Children's, and then those that are patient-facing.

A jurisdictional deposition of the individual medical provider. Here, that would be Cooper.

A jurisdictional deposition of the hospital or entities involved. Here, that would be UT Southwestern and Children's.

Any contractual agreements between UT Southwestern and Children's related to the medical providers; and as well, any agreements between UT Southwestern and Dr. Cooper, and Children's and Dr. Cooper.

Any payment agreements between UT Southwestern and Children's, and similarly, any payment agreements between UT Southwestern and Dr. Cooper and Children's and Dr. Cooper.

Patient disclosure forms, payment records, scheduling info, bylaws and handbooks.

So from all of the cases that each of you

have cited, those are the items that those courts delineate were submitted in connection with the pending motions for summary judgment or that the Court expressly considered in determining and deciding the issue.

I recognize that there are some of these documents that have been submitted by Dr. Cooper. I don't think, and I have reiterated -- I'll reiterate again, I don't think the totality of what the Court must consider in order to ascertain the existence of jurisdiction is before the Court, so when we take a break, I'll be encouraging y'all to talk about those categories of documents.

MS. HOLLAND: Your Honor, may I respond to that briefly?

THE COURT: You may.

MS. HOLLAND: When we filed our initial motion to dismiss, there was no evidence submitted in connection with that motion. In filing our plea, we did adduce evidence and we contend that that conclusively establishes the required prongs under Section 101.106(f). We don't believe that the State has even disputed that Dr. Cooper was acting as a UT Southwestern employee.

THE COURT: Ms. Holland, I'm going to interject. I think that I addressed this issue with

Ms. Agnolucci, who offered to tender the employment agreements at the February 28th hearing. And so in connection with that, I told her then, and I will reiterate at this time, I don't think that the employment agreement standing alone are dispositive of the issue, and I disagree with your assertion regarding the pleadings. We addressed that, I believe, with Ms. Agnolucci when I discussed the tendering of the employment agreements. The Court's ruling that jurisdictional discovery is necessary stands.

To be abundantly clear, I'm not denying your arguments. Your arguments may or may not be well founded. But if I'm going to make a decision, I'm going to make the right decision, and we need jurisdictional discovery for me to do that.

MS. HOLLAND: Your Honor, I think -- I think the critical distinction here is that the burden is now on the State to identify the jurisdictional facts that it disputes. I understand, you know, these cases cite a variety of evidence, some of which we have adduced here, some of which we haven't. But until the State identifies specific facts that it believes are in dispute, there's no need to go collect this laundry list of things.

And I would also point out with regard to

the employment prong, the question is legal right to control or actual right to control. And the legal right to control question can be resolved solely by looking at the UT Southwestern and Children's contract. That was the end of the question in the *Powell* case, and so really, as a first order of business, that would resolve the question of employment.

THE COURT: In the *Powell* case, was there not also an affidavit from the human resources officer of UT Southwestern that foreclosed that there was any other opportunity for control by any other entity? I don't believe we have that here. And, Ms. Holland, I don't want to argue with you. The Court has made its ruling. I will not change my mind. And I would encourage the parties to discuss what jurisdictional discovery is needed when we take a break.

MS. HOLLAND: Thank you, Your Honor.

THE COURT: We'll turn now to the Rule 91a motion to dismiss. The Court's going to outline its understanding just of the arguments, and then we'll go ahead and turn and I'll hear from you after that.

Dr. Cooper has moved to dismiss the State's claim asserted under the Texas Health and Safety Code Section 481.071. That statute, in pertinent part, is subsections (a) and (b). I'm not going to read it into

the record because I'm sure y'all are all very familiar with the text. The parties refer to that as the Texas Controlled Substances Act, or the TCSA, and that's how I think we should all refer to it during the course of today's hearing just for simplification.

Dr. Cooper has asserted that that claim cannot be pleaded here because it's not a civil cause of action. It is a criminal statute, and violations of that provision constitute a felony offense over which this Court lacks jurisdiction. Dr. Cooper cites in support of that proposition that he could find no instances of a TCSA claim being brought as a civil claim or count, and as well, that the State has offered no such authority in any of their briefing.

As well, y'all point to this Court's enacting statute which directs that the 493rd shall give preference to civil cases. As an aside, I'm going to address that because I don't think it's necessary to hear argument. The Court's enabling statute actually permits this Court to hear criminal, civil, and family law cases. However, because Collin County was predominantly in need of a court to hear civil cases at the time the 493rd came on, the language was enacted directing it to give a preference to civil actions, which is why this court is assigned 70 percent civil

cases. I don't believe that there is any restriction in the language itself for me to hear criminal cases. Having said that, I don't have any. I'm not going to have any. But I don't think that that is an argument that we need to address here today.

Dr. Cooper further argues that the State's current pleadings don't provide fair notice of the essential factual allegations. To buttress the argument that the TCSA does not contemplate a civil cause of action, Dr. Cooper has referred the Court to other provisions contained within that same Section 481.128 subpart (a) and (c).

The State rejoins in their briefing that while 481.128 primarily provides for criminal enforcement, that statute also contains civil remedies in subpart (d), and as well, that the attorney general has authorized to file suit to collect such civil penalties. The State further asserts injunctive relief is an appropriate remedy and that it has satisfied the fair notice standard.

Ms. Holland, have I accurately summarized the arguments that are made by Dr. Cooper in connection with the pending Rule 91a motion to dismiss?

MS. HOLLAND: You have, Your Honor, and I'm actually going to hand things over to my colleague, Remy

Carreiro, for the motion to dismiss.

THE COURT: Ms. Carreiro, then I'll ask you, so as not to overlook you, have I accurately summarized your arguments?

MS. CARREIRO: Yes, Your Honor, you have.

THE COURT: Thank you. State?

MR. SHATTO: Yes, you have, Your Honor.

THE COURT: We're going to go ahead and turn to argument. Ms. Carreiro, at the outset, the Court has an inquiry for y'all. Contained in the briefing that's been filed by Dr. Cooper on page 26 is the line as follows: "To be certain, though, no instances of a TCSA claim being brought as a civil count could be found, further compelling the conclusion that this is a criminal action."

The Court, in preparation for today's hearing, did a significant amount of research. The Court has identified the following: County of Bastrop versus Teva Pharmaceutical Industries, filed November 11th, 2019, wherein a civil claim is asserted under the TCSA. County of Caldwell versus Teva Pharmaceutical. And I guess I'll reference, I apologize, on the Bastrop case, 2019 Westlaw 13422748. The County of Caldwell is 2019 Westlaw 6887105. County of Bexar versus Purdue Pharma, that's 2022 Westlaw 20509698.

The fifth cause of action within Plaintiff's first amended petition in that is entitled "Texas Controlled Substances Act Against All Defendants." These are civil actions. There is, as well, County of Kleberg versus CVS, 2019 Westlaw 11504978; County of Duval, 2019 Westlaw 4396356; County of Dallas versus Purdue Pharma, 2022 Westlaw 20538881; County of Brooks versus Teva Pharmaceutical, 2019 Westlaw 7822512.

The Court could go on. If you look at the citing references to the statute that's at issue, all of these pleadings are available on Westlaw. Each and every single one of them asserts multiple civil causes of actions. In each of those cases there were Rule 91a motions filed asserting the same or similar grounds that you assert here. Each of those was denied in each of those cases.

So what my question is to you is: There are, in fact, cases where civil counts have been asserted before in the state of Texas. Why is it not proper for this Court to follow what the trial courts have done previously here in the state of Texas and deny the motion?

MS. CARREIRO: Thank you, Your Honor.

To begin, I would ask if those are civil

cases that were brought under this particular provision -- that's 481.071 as opposed to 481.128 -- because I think there is a critical distinction between those two statutes here.

Now, Section 481.128 does specifically provide for civil penalties, and we don't dispute that. What we specifically dispute is that 481.071, the claim that has been brought today by the State, does not provide for civil relief. And we've been unable to find any causes of action that were brought exclusively under 481.071. And to point out, the State has not raised any such cases specifically under 071 as opposed to 128.

THE COURT: In the Court's review of these cases, they appear to be brought in conjunction with each other. I mean, they're raised together, that there are civil penalties for the violation of the .071, and they're asserting both negligence and then just independent, standalone Texas Controlled Substances Act case for the assertion of civil penalties brought by the county.

MS. CARREIRO: Yes, Your Honor. And I think that actually points to what the issue with the claim that the State has brought here is, that -- now, this other statute, 128, is what provides for relief in this section. And it provides various theories of

liability for relief, as the State has briefed and as we have as well.

There are two separate provisions that State has mentioned. There's Section (a), which refers to distributing, it refers to dispensing. There is, I believe, it's Section (b), which speaks to knowingly refusal or failure to make or keep or furnish records.

THE COURT: Correct.

MS. CARREIRO: Now, the State has not asserted a cause of action under either of those, which is why we've got this fair notice issue here, because we don't know what they are asserting.

And additionally, the remedies that are provided -- and we don't disagree. There are civil remedies that are provided under 481.128, and there is case law on civil remedies brought under that particular provision. They don't include the relief the State is seeking here, which is an injunctive relief under 481.071.

THE COURT: So then to make sure I'm understanding, if the State were to amend in order to assert that all they were seeking in connection with that provision was civil penalties, then you would say it is a proper and appropriate claim; you're merely asserting that their request for injunctive relief is

improper and that, at present, they're not actual seeking civil penalties under the corollary statute.

MS. CARREIRO: Your Honor, they have expressly disclaimed in their response at page 10 that they are seeking any relief under 128. Now, this is the one statute that would provide for relief and provides for attorney general enforcement, which is the other issue with the claim that they brought here today, is that there is no attorney general -- attorney general enforcement under 071. So they're seeking relief that's not provided by for the statute that authorizes civil penalties and they've expressly stated the State is not seeking relief under that section. I believe that's the response at 10 near the end of the page.

THE COURT: That was not how I read the response, but let me go ahead and ask the State at this time, is that an accurate summary, you're not seeking civil penalties under that corollary provision?

MR. SHATTO: So our response dealing with 481.128 is that -- so Cooper made it a point that 481.071 was a criminal statute. Our point is that it is not a criminal statute because 481.071, the remedies that are associated with it and the cases that Cooper cites, do cite as a criminal portion for a 481.071, but they also cite 481.128, the criminal portions of that

remedy statute.

So our point here is that while we are not currently seeking a remedy under 481.128, we are currently seeking equitable relief because of the violation of 481.071.

THE COURT: All right. And are you aware of any authority where injunctive relief pursuant to that provision has been permitted? I certainly have found ample case law showing an entitlement to seek and to receive civil penalties. I found ample cases where it's been asserted and it's not required the AG to assert them and that they've been civil cases that have been brought in the local courts. So I need to hear from you at this time.

MR. SHATTO: So a specific case of 481.071, I have not find -- found a case for equitable relief there. But, of course, the attorney general has the opportunity and the duty to protect residents of Texas. And in certain circumstances such as child abuse, the State of Texas believes that the violation of SB 14, which would be essentially -- which confirm that there is no valid medical purpose for these things which would be -- which would then lead to a violation of 481.071 is child abuse and there's no other remedy available to the State to properly deal with that issue any sort of

ongoing harm here. And so the remedy that is appropriate here is injunctive relief to stop any further ongoing harm.

THE COURT: Thank you. Counsel, I'll hear from you further at this time.

MS. CARREIRO: Yes, Your Honor.

This is a reason the 071 claim fails on a more fundamental level, because the Texas Attorney General does not have the authority to sue to enjoin perceived violations of 481.071. And that's because the attorney general does not have broad enforcement power, absent constitutional or statutory authorization, to bring suit. And these limits on the attorney general's power, they're settled law.

We've seen it in cases such as *State ex rel. Downs v Harney*, which held that as the powers and duties of the attorney general are prescribed by the constitution and statutes, those powers must be limited to those so prescribed. Now, the specifically enumerated constitutional powers of the attorney general don't give them the authority to seek the relief that they're seeking here.

Article 4, Section 2 of the Texas Constitution gives the attorney general the right to represent the State in all suits before the supreme

court. Now, the government code has expanded this right to also include the courts of appeals. But notably, it didn't expand this general right to bring suit in district court. So, absent legislative authority, that right to bring suit is left to the county and the district attorneys. So we've got no general grants of authority, as the State argues, for the attorney general to sue to enjoin perceived violations of the law.

Now, this is different from what we see in other states, and the District Court for the Western District of Texas did analyze this very question under Texas state law, finding that, unlike states such as Maryland, Pennsylvania, and Delaware, no constitutional or statutory provision in Texas grants the AG broad general powers to sue on behalf of the state whenever he or she thinks that that litigation would be in the public's interest.

Now, the other express constitutional powers that that provision provides the attorney general, they're not really at issue here because they address the attorney general's right to, for example, inquire into the charter rights of private corporations or give legal advice to the governor, when requested.

Now, the constitutional provision does have this other section which says that the legislature may

grant the attorney general other powers. But that's the critical point, Your Honor. It's the legislature that holds the power to decide when the attorney general may institute suits on behalf of the state. It's not up to the attorney general. And we know that from the other claims that have been brought in this case. The SB 14 claim has a specific provision authorizing the attorney general to bring suit. The DTPA claim has the same.

What we don't have is this broad granting authority, and we have no authority that says the attorney general can bring suit under the -- excuse me, to enjoin perceived violations of 071.

And now, this hard line between the different branches of government is particularly important because it's codified in the Texas Constitution, and Texas courts have read that to mean that Texas more aggressively enforces that separation of powers than the federal government.

So the issue here is that the legislature didn't empower the attorney general to seek injunctive relief under 071. We've got this one provision that we've talked about where the legislature did speak and said there are some criminal penalties and there are some civil penalties under 128. But no such grant of authority exists to enjoin perceived violations of 071.

And on that basis alone, the State's claim should fail.

THE COURT: Anything further?

MS. CARREIRO: No, Your Honor, unless you have further questions.

THE COURT: Not at this time. I'll hear from counsel for the State.

MR. FARQUHARSON: Judge, just for the record, the Court cited a number of cases that had been enforced civilly under the TCSA. Opposing counsel just said that they were speaking specifically in their briefing to 481.071. *Scally versus the Texas State Board of Medical Examiners*, the citation is 351 S.W.3d 434, in the -- on the second page of the opinion, it says, "The complaint alleged, in essence, that Scally had prescribed anabolic steroids to healthy patients for the improper purpose of body building." The case goes on to cite 481.071 throughout.

MS. CARREIRO: Your Honor, may I respond briefly to that?

THE COURT: Can I hear the totality of their argument and then I'll give you a final opportunity to respond.

MS. CARREIRO: Absolutely.

Anything else at present, Counsel?

MR. FARQUHARSON: Judge, the Texas

Government Code Section 402.021 gives the attorney general of the State of Texas -- or does not give him -- endows him with a responsibility to enforce -- to enforce and defend the laws of the State of Texas. If their argument were true, then that provision of the Texas Government Code is annul and meaningless.

Obviously, courts grant -- read statutes to mean what they say. That statute blesses the attorney general with the authority to enforce and defend all laws of the State of Texas, not just those that have specific enabling language.

MR. SHATTO: And additionally, Your Honor, if I may.

THE COURT: You may.

MR. SHATTO: So I think one of the issues here is the distinction between, like, criminal prosecution versus civil prosecution. The attorney general -- it is, I think, undisputed that we have civil prosecution authority. One of the latest cases that discusses this was *State v. Stephens,* and that case basically said the attorney general doesn't have independent criminal prosecution authority. At that time we could enlist the help of a county attorney or a district attorney, but we certainly retained civil authority to enforce whatever our statutes are and

whatever laws are. And here, we would be seeking a civil remedy in terms of the injunctive relief.

THE COURT: Yes. But can you address the argument that's raised by the motion to dismiss and, frankly, that's addressed in all of these other cases that I've cited as well? There are other provisions that specifically delineate how violations of the Texas Controlled Substances Act may be pursued. And separate and apart from the one that's cited which authorizes civil penalties and as well state jail felonies, yet there's other provisions like the synthetic substance provisions that specifically delineate, hey, if you violate this provision, it's actually a DTPA claim.

So clearly, the legislature had the ability to identify the manner in which the Texas Controlled Substances Act could be enforced in the courts. And here, it's clearly specifically delineated and provided that civil penalties may be sought for a violation of .071. All the cases that I've, you know, referred y'all to are cases filed by counties, not by the district attorney, but just by the county with civil counsel asserting those claims and seeking civil penalties.

So I want you really to dig deeper and address further why is injunctive relief appropriate here.

MR. SHATTO:  It's appropriate for these reasons:  So providing a medicine without a valid medical purpose may not actually be harmful to an individual.  And if that's the case, the State may then come in and get a civil penalty of some sort.  They might be providing this medicine to profit, maybe sell it on the streets, something like that, some other purpose.  I don't know what that may be.  And so in that instance, injunctive relief wouldn't necessarily be considered.

But the State and the legislature knows that there's a general injunctive remedy here that's always existed -- that's just always existed, and that's Texas Civil Practice and Remedies Code 65.  And in this instance, we are looking at harm towards -- in this very specific instance, harm towards children.  These invalid medical decisions and treatments will harm children if they're allowed to continue, and that provides the State the opportunity and the reason to enjoin that so that no further harm occurs.

MR. FARQUHARSON:  And, Judge, if I may add.  It would be an absurd result for the Court to conclude that the Texas Attorney General -- I want to emphasize "general" -- the Texas Attorney General cannot enjoin criminal violations of the laws of the State of Texas,

specifically those that the Texas Attorney General in a published opinion has determined constitute child abuse. SB 14, the attorney general has published an opinion stating that violations of SB 14 may constitute child abuse. It would be absurd to conclude that the attorney general has to stand by idly on the sideline and watch as a person commits child abuse. That is just, on its face, nonsensical. It makes no sense whatsoever.

THE COURT: Any additional argument, sir?

MR. FARQUHARSON: No, Judge.

THE COURT: State, let me ask just a few additional questions. Ms. Holland and her cocounsel here today have asked the Court to hear but not to rule on the motion to dismiss until such time as the Court rules on the plea to jurisdiction. Are you going to be filing an amended pleading in light of the fact that the Court's not ruling on the motion? I think within the confines of the rule, you are entitled to file an amended pleading.

So I'm asking at this time, one of the alternative bases you say is, Judge, if you're going to grant the motion, you must give us an opportunity -- I don't know that I agree with that posture, but if I'm not issuing a ruling here today, you still, if you chose to elect that right, may pursue it. Are you going to be

filing an amended pleading as it relates to this claim?

MR. FARQUHARSON: To the TCSA?

THE COURT: Yes.

MR. FARQUHARSON: Judge, we do not have that intention at the present time.

THE COURT: All right. Then the Court will stand on the pleadings.

Do you have any additional final arguments to make?

MS. CARREIRO: Yes, Your Honor. First, I'd like to clarify that we're not talking about child abuse in this case and --

THE COURT: I'm well aware.

MS. CARREIRO: Thank you, Your Honor.

And specifically, I just want to make sure that we're clear we're talking about the TCSA claim here. Now, the attorney general has argued about the SB 14 claim and legislative intent behind that and the need to seek injunctive relief for that. And they've done that in this case, they've sought an injunction under SB 14. It's just that the TCSA does not provide for that same relief.

I also want to clarify, I believe -- and please correct me if you were citing something else -- but the Texas Government Code Section 402.021 says, "The

attorney general shall prosecute and defend all actions in which the State is interested in before the supreme court and the courts of appeals." So again, that doesn't speak to a broad right of the attorney general to bring suit in district court. That has to come down to the legislature. It's the legislature that makes those decisions for when they want the attorney general to come in and seek an action. And they've done that many times; they just haven't done so here. And for that reason, this claim fails as a matter of law and we'd ask the Court dismiss.

THE COURT: All right. The Court will not render a ruling here today in light of the fact that Dr. Cooper has asserted it's not proper for me to do so until such time as the plea is ruled upon. I will take that opportunity to further review all these filings from all these county cases. Certainly those county cases make it abundantly clear and courts have previously considered that counties represented not by a district attorney are well within their rights to bring claims under the TCSA seeking civil penalties.

I had understood, obviously misunderstood, that the State was seeking civil penalties in connection with that claim. They have asserted here today that they're solely seeking injunctive relief. The Court

will review the arguments from those cases more fully. But on that posture, the Court will render its ruling once we have an opportunity to resolve the plea.

With that, we're going to go ahead and stand in recess and I'm going to direct the parties to address the jurisdictional discovery.

Thank you, everyone.

(Recess taken)

THE COURT: We're on the record in 493-08026-2024. This is, again, the State of Texas versus M. Brett Cooper. The Court was in recess and we have reconvened. The Court had directed the parties to confer regarding jurisdictional discovery. I had provided y'all categories that were considered in connection with other cases where the same or similar jurisdictional issues were addressed by courts and y'all were to confer regarding whether you agreed on those categories or additional categories.

Following conference, my understanding is is that the State and Dr. Cooper have agreed to certain jurisdictional categories. Are either -- y'all want me just to recite again the list that the Court gave, or do y'all have a list that you would like to present to the Court at this time?

MR. FARQUHARSON: It's the same list that

you recited.

MS. HOLLAND: I'm happy to present it to the Court.

As I discussed with my friend here, our subpoenas to the hospitals, which were issued before we raised this jurisdictional challenge contain a mix of jurisdictional and merits-based requests. What we are prepared to do is to go through those and identify those which go to jurisdiction. So that would be the request for, for example, contracts between UT Southwestern and Children's reflecting who has control over the physicians. That would be things like notices that were given to patients disclaiming that Dr. Cooper was a UT Southwestern physician. And that would be -- that would also include billing records. We think that much of the billing records can be redacted and that they should not show, for example, specific identifying patient information but just showing UT Southwestern billed for Dr. Cooper's professional services, Children's charged a facility fee, things of those natures.

THE COURT: Ms. Holland, if you can do me a favor, I'm looking at a copy of the subpoena that was served. Can you tell me which of these requests you assert constitute the jurisdictional discovery, or did you give me your only copy?

MS. HOLLAND: I gave you my only copy.

THE COURT: I'm going to give these back to you. If you could please identify those that you believe go to the jurisdictional discovery.

If you will show it to the State before you bring it back up here.

MS. HOLLAND: I'm just going to double-check with my team.

THE COURT: Counsel, are there any requests contained within those that don't encompass the categories we discussed at the outset, if you don't mind bringing that forward.

MR. FARQUHARSON: They are missing a jurisdictional deposition of Dr. Cooper, a jurisdictional deposition of each of the hospitals, contractual agreements between UT Southwestern and Children's, all contractual agreements between UT Southwestern and/or Children's and Dr. Cooper. Obviously, all payment records that Dr. Cooper has in his possession, although we've already got a solution to that; patient disclosure forms; and any records that relate to whether or not Dr. Cooper was operating in compliance with hospital policy.

MS. HOLLAND: And, Your Honor, just to clarify, I believe we have requested the contract

between UT Southwestern and Children's. I believe that that's encompassed by either the first or second request. I don't have the documents in front of me. I believe we've have also requested the notice to patients. And then just one clarifying point about the request for billing records, which is what I said earlier, that any identifying patient information should be redacted because specific patient treatment would go to the merits of the case. So our position is that that request would need to be edited so it doesn't say for patient 1 through 15 but it would be redacted to omit any identifying patient health information.

THE COURT: So just to confirm, Dr. Cooper, at a minimum -- I'm just going to memorialize for our record. You, being counsel for Dr. Cooper, have served subpoenas on each of UT Southwestern and Children's. By and through those subpoenas you have asserted and made requests for production, some of which are merit based and some of which are jurisdictional. Correct?

MS. HOLLAND: That's correct, Your Honor.

THE COURT: And as of today's date, all of the requests remain live, correct?

MS. HOLLAND: That's correct.

THE COURT: You have identified that certain of these requests you believe are largely

related to jurisdiction and those being requests 1, 2, 3, 4, with the exception of the correspondence with the insurers and insurance billing records; request 6, and request 7. Is that correct?

MS. HOLLAND: That's correct. Just again, subject to the redaction of patient health information on the billing records.

THE COURT: Counsel for the State, listen carefully to the question I ask, okay? It's my understanding that you do not object and that you would agree to UT Southwestern and Children's producing records that are responsive to each of requests 1, 2, 3, 4, 6, and 7. That's the only question I'm asking right now. Is that correct, Counsel for the State?

MR. FARQUHARSON: Correct, as the subpoena is interpreted by this Court.

THE COURT: We'll come back to that in just a second. I don't have a copy of whatever the protective order that was entered in the Dallas County court either. Do you have a copy of that?

MS. HOLLAND: I apologize, Your Honor. I don't have that with me. And I just want to point out that the subpoena numbering is different in the Children's and UT Southwestern's subpoenas.

THE COURT: So this is the Children's --

oh, thank you. So in the UT Southwestern, it would be requests 1, 2, 3, 4, 5, 6, 7, and 8.

Ms. Holland, the underlying issue remains the same. You have advanced both jurisdictional and merits discovery; all requests are still live. Correct?

MS. HOLLAND: We agree to withdraw the merits-based requests from the subpoena at this time. We only want to press forward with the jurisdictional discovery.

THE COURT: And the ones that you assert are jurisdictional are, again, for UT Southwestern, 1, 2, 3, 4, 5, 6, 7, and 8; is that correct?

MS. HOLLAND: That's correct, Your Honor.

THE COURT: And again, State, my sole question is: You do not object to the production of records responsive to those requests that I've outlined to Children's and UT Southwestern; is that correct?

MR. FARQUHARSON: That's correct.

THE COURT: I certainly understand you're asserting that other and additional production should occur related to your requests and perhaps these requests, but you are not objecting if the Court were to order production to be made pursuant to the requests we've identified?

MR. FARQUHARSON: That's correct.

THE COURT: Okay. Children's, we're coming to you. We've identified, in connection with the subpoenas in the friendly suit that were served by Dr. Cooper requests 1, 2, 3, 4, 6, and 7. At this time, is Children's asserting that it is barred from production by either any Dallas County court or the Fifteenth Court of Appeals?

MS. COOPER: Your Honor, I don't know that I'm in a position to commit us to that right now. I'm looking at the subpoena and looking at the specific requests, and none of them appear to seek medical records, which is what we've been talking about; the billing records that I think are subject to the stay because they contain PHI; identifying health information that the court of appeals stayed; and the Dallas court stay by Judge Purdy.

That said, I think some of these things we can respond to if all the parties agree and if as you and Mr. Logan talked about earlier, that the nonparty patients don't object.

THE COURT: Okay. So to again confirm. I think I'm hearing you say, Judge, as long as everybody else says it's okay, I'm not here arguing that producing documents responsive to those requests would constitute a violation of the stay of the Fifteenth Court or any

orders by any Dallas court.

MS. COOPER: Apart from the medical records, Your Honor, to the extent that these are looking for medical records. I just haven't studied them word for word.

THE COURT: And the ones that we clearly -- would encompass patient health information would be billing records. This Court already has a protective order in place, and I know there's lots of protective orders flying around, and I'm sure that they all agree that the patient health information can be redacted.

MS. COOPER: Well, and may I add, Your Honor, having looked at several thousand of the communications and the documents that we're reviewing to produce in response to the subpoenas eventually, there were a lot of e-mail communications that have a medical record number or a patient name. They're talking about scheduling, the notices to patients about whether Dr. Cooper or Dr. Lau are practicing or where they'll be. Those kinds of things also contain PHI so it's --

THE COURT: Patient name or --

MS. COOPER: Name and/or medical record, date of treatment, date of birth sometimes, depending on who's sending the documents. And they all need to have a redaction.

MS. HOLLAND: Your Honor, we would be happy to exclude communications of that nature from our subpoena request. I don't think that that goes to the categories that we're discussing anyway.

MS. COOPER: I'm just trying to think about anything that is going to pop up that's outside --

THE COURT: UT Southwestern, I'm coming to you next. I've identified the requests and I'm asking, at this time, would you assert any argument that producing documents in response to those requests constitutes a violation of the stay of the Fifteenth Court or any order by the Dallas court?

MR. TODD: Your Honor, we believe or we take the position that we're not able to produce anything under the Dallas order and the Fifteenth Court stay at this time, especially and in particular, these billing records which seem to go to the core of the nonparty patients' concerns --

THE COURT: Okay. So if we were to exclude billing records, do you still take that same position?

MR. TODD: Yes, Your Honor.

THE COURT: Okay. Mr. Logan.

MR. LOGAN: Your Honor, since this deals with the subpoena from Dr. Cooper, or the subpoenas from Dr. Cooper, that we have an agreed protective order for

in Dallas County, our view is that those subpoenas aren't stayed and we would have no objection as long as the agreed protective order is adhered to from Dallas County.

THE COURT: Well, I haven't seen nor can I view the agreed protective order, so I have some concerns about making or confining myself to that since it's not the protective order that I've entered or one I've had an opportunity to review.

Are you arguing here today that production pursuant to that subpoena violates the Fifteenth Court or the Dallas County order, Mr. Logan?

MR. LOGAN: No, Your Honor, it wouldn't violate the orders regarding the State's subpoenas, but it would be subject to the protective order in Dallas County about this.

THE COURT: And I'm assuming that would be your position not just with the requests that we've identified as being jurisdictional discovery but also the merits-based discovery; is that correct, sir?

MR. LOGAN: Your Honor, our position would be on merits-based discovery, that that shouldn't go forward until the jurisdictional issues are resolved due to the burden on the nonparties. But with that said, that the protective order in place in Dallas County

would contemplate, again, with both issues.

MR. FARQUHARSON: Judge, can I highlight something that I feel like overlaps with our motion to compel but I think it's important because we're talking about what are the limits of the jurisdictional discovery.

THE COURT: You may.

MR. FARQUHARSON: So number one, I want to highlight the *In re: Burleson* case that we've cited in the motion to compel. In that case, the Fort Worth Court of Appeals considered this question where there was sort of affidavits presented, and the court was very clear that a trial court -- using their language -- has broad discretion to determine whether or not jurisdictional discovery should proceed, whether or not a case should be -- and it just said basically, more generally developed. And then -- so that's important.

*In re: Burleson*, I think if you read it, you will see that what's happened is Dr. Cooper has tried to sort of mirror that approach. It's the same approach in (unintelligible).

THE REPORTER: Sir, can you use the microphone.

MR. FARQUHARSON: Yes, I'm sorry. It's the same approach in all of the other cases. And that is

what happened in the Fort Worth Court of Appeals. There was a lot of discovery that had been produced pertaining to jurisdiction, and the Court said, I don't think this is enough, I still there should be more. And the Fort Worth Court of Appeals said, that's within the trial court's broad discretion.

The second point I want to make here is we're treating -- I think we're treating this right now as if the plea to the jurisdiction that Dr. Cooper has filed is the equivalent of the plea to the jurisdiction that the State filed in Dallas County. It is not.

THE COURT: Counsel, I don't want you to interpret that that's what I am doing because it's not. I feel that my hands have effectively been handcuffed by all the gamesmanship that is going on in the Dallas County courts. And I will put it on the record that that's what I believe it is.

The cases here for Dr. Cooper, I do believe that I should be entitled to govern the discovery that applies to the case that's pending before me, and without the ability to do that, frankly, I have zero understanding of how I am supposed to assist this case in moving forward. Effectively, what has happened, is I have been forced into corners or down chutes so that I'm only allowed to consider the issues that the nonparty

patients or Dr. Cooper feel are appropriate for this Court to consider, and I am very upset by that.

Having said that, until I get the Fifteenth Court of Appeals opinion, I don't effectively know how to move this case forward in light of the gamesmanship that has occurred. And so, frankly, at this juncture, if UT Southwestern is going to take the position they can produce no documents, which they have on the record, I am somewhat finding that it may be appropriate for the Court to *sua sponte* stay this case until we get the appeal from the Fifteenth Court of Appeals, because I refuse to continue to be directed by the Dallas court cases when the discovery should be pending here.

And I would like to determine whether or not the Fifteenth Court of Appeals agrees with me, in which case, I can effectively move this case forward. And if they disagree with me and believe that I've abused my discretion, well, then at least we'll all know who's going to be governing y'all's discovery in this case.

MR. FARQUHARSON: This -- but this is where I'm going to, is again, we -- the Dallas County court has not stopped depositions. It has stopped production of documents. We have subpoenaed a nonparty patient to testify and then -- but going back to the plea to the

jurisdiction, Cooper's plea to the jurisdiction is not the same, does not deprive this Court of jurisdiction, and it's because we got to an interlocutory appeal in the Fifteenth Court of Appeals in Dallas because we're a governmental unit. Dr. Cooper is not a governmental unit, and when this Court decides jurisdiction, he does not get to do an interlocutory appeal.

THE COURT: But this Court does have to order some discovery to occur. And if UT Southwestern is going to take the position that no discovery can occur, I can't decide the plea to jurisdiction at present, nor can I effectively move the case forward. I don't disagree with you the depositions haven't been stopped. And if y'all want to go and take those depositions, I will certainly permit you. But as far as ordering discovery, I effectively believe that I am hamstrung from deciding the plea and from deciding many other motions until we get that opinion out of the Fifteenth Court of Appeals. I am anxiously awaiting for them to give me direction on what I can do in the situation that I find myself in.

MR. SHATTO: We think depositions are a great path forward.

THE COURT: Great. UT Southwestern has said it's not producing any documents until I get the

opinion of the Fifteenth Court of Appeals. I frankly cannot dispute the position that they are in, which is a tenuous one, and that if they produce, they could have a higher court telling them that they have acted in error, and I will not put them in that position.

So the depositions that are already scheduled may proceed, but at present, the Court is not going to rule on the motion to compel, the plea to jurisdiction, or any other pending motions that are currently filed because there's no discovery that is able to effectively go forward until we get the Fifteenth Court of Appeals' opinion.

State, anything further you wish to place upon the record?

MR. FARQUHARSON: Yes. I don't think that this Court is stayed by the Fifteenth Court of Appeals with respect to discovery from Dr. Cooper. I don't think that -- with respect to the plea to the jurisdiction, there is nothing -- nothing the nonparties can do, nobody can stop you from ordering discovery from Dr. Cooper that was requested on January 29th, before any subject matter jurisdiction was raised.

THE COURT: Counsel, I don't disagree with you that this has become one big game. And yes, that discovery was served back in January and responses were

due well prior to the plea. All of those are facts that are borne out by the procedural history and I do not disagree with you. However, until I get direction from the Fifteenth Court of Appeals, any discovery that I order today -- let's say I do order it. You know what the next thing that's going to happen? They're just going to mandamus me and y'all are going to be back on the fast track again with the Fifteenth Court of Appeals.

We need that opinion from the Fifteenth Court so that I can say discovery is here and I get to order all of the discovery. Until they tell me I can do that, all we're dealing with is me and a thousand different Dallas courts saying what should happen in this case.

MR. FARQUHARSON: I think you can rule on their -- this jurisdictional objection that has never been made through discovery. They have not written a jurisdictional objection in response to discovery. I think you can say today, here, right now, whether or not they are permitted to make that objection that is not even in their responses.

And I also would like the Court to make some sort of order or order some sort of relief with respect to the fact that they have UT Southwestern

documents. I think those documents and any notes that they prepared from those documents should be destroyed.

THE COURT: And I'm happy to order that. They shouldn't have a copy of the documents. They should be returned to UT Southwestern and any counsel -- any notes made related to those, any review notes, should all be destroyed.

MS. COOPER: Yes, Your Honor.

THE COURT: I'm happy to grant that relief. I think it's in compliance with the order that the Fifteenth Court has already provided.

MR. FARQUHARSON: Is the Court willing to rule that -- is the Court willing to rule on the motion to compel with respect to whether or not they have raised a jurisdictional objection to our January 29th discovery?

THE COURT: In response to the discovery itself and the objections, no. They have raised that they think it's premature for the Court to consider the motion to compel and their response to the motion to compel. So I just want to make sure that I'm being very clear in terms of what the Court finds has been raised versus not.

MS. HOLLAND: Your Honor, may I add one point? Just that we would object to the patient

deposition going forward. We think that that's merits-based discovery. We've not agreed to that deposition. We just simply said we were available that date. And so we would object to that going forward and think that that also needs to be stayed.

THE COURT: Can you clarify -- the patient that's going forward, is it a represented or an unrepresented patient?

MR. FARQUHARSON: It's a represented patient. It is scheduled to happen on -- well, it is currently scheduled for next Thursday or Friday. I believe we have a Rule 11 agreement that Mr. Williams is going to be referring to me shortly, and it is going to happen instead on June 17th. We have got -- the district attorney's office downstairs has allowed us to use a conference room.

THE COURT: I'm not going to stop that deposition, nor will I stop you from scheduling one with Children's or UT Southwestern related to jurisdictional issues should you so choose, since that does not involve documents. However, I will just say, I would, in keeping with that, find that if they do submit to a deposition, I will likely have to order a further one once documents are ultimately produced.

MR. FARQUHARSON: We would also request --

like I said, we've got June 17th is what is currently set or it -- next Friday or June 17th, once I get this Rule 11 agreement back from Mr. Logan. If the Court is available, or if the Court is willing to assign a visiting judge, we anticipate that that deposition is going to come to a screeching halt very quickly in the absence of a judge available to hear disputes.

MR. MOSHENBERG: And, Judge, a lot of this goes to what we talked about before we went on the record about talking about the depositions off the record and the plan in place before we go on the record in discussing that, Your Honor.

THE COURT: Is there anything else you want to place on the record right now?

MR. FARQUHARSON: No, Judge.

THE COURT: We'll be off the record.

(Brief discussion off the record)

THE COURT: We'll be back on the record.

MR. MOSHENBERG: I just want to be clear. I understand the Court's frustration about the posture of the case right now, the discovery, the inability of the Court to make certain rulings. We are very aware of that. I understand the Court's frustration. There's been no gamesmanship on the part of Dr. Cooper's attorneys or Dr. Cooper. And we can talk it more off

the record if the Court wants to because --

THE COURT: Did you serve merits-based discovery and reach an agreement with the nonparty patients for that discovery to go forward in a Dallas County court, sir?

MR. MOSHENBERG: My understanding --

THE COURT: Did you serve merits-based discovery, reach an agreement with the nonparty patients for that discovery to go forward in a Dallas County court? It is a yes or a no.

MR. MOSHENBERG: I don't know the answer to that, Your Honor. My cocounsel would know that. But I want to be very clear. Of course, as the Court knows, jurisdiction can come up at any point in the lawsuit. It can come up on appeal. It can come up *sua sponte*.

THE COURT: I don't dispute that.

MR. MOSHENBERG: The fact that we may have discovered a jurisdictional problem after discovery doesn't create any sort of legal problem and it is not gamesmanship; it is jurisdiction, Your Honor. We can talk about it off the record, but, Judge, I just want to be clear on the record. There has been zero gamesmanship on the part of Dr. Cooper.

THE COURT: I appreciate that you wanted to place that point on the record. The Court does not

necessarily disagree with your assertions related to the plea issues. I don't agree with your statement in its totality. And with that, we'll be off the record.

(Recess taken)

THE COURT: We're going to be back on the record at this time related to depositions. The Court and the parties have discussed. At this time I want to be very clear as it relates to documents. UT Southwestern has taken the position that they believe they are, in fact, stayed from producing any documents by the Fifteenth Court of Appeals and, as well, the orders in Dallas County. Should UT Southwestern reconsider that point, I believe at present each of Children's, the nonparty patients, have agreed they believe they can go forward with the jurisdictional discovery that we've outlined today, being those documents that are responsive to the subpoenas served by Dr. Cooper and, as well, to the extent not encompassed, the billing and payment records of UT Southwestern, Children's, and patients, any contractual agreements with UT Southwestern and Children's, and any between UT Southwestern and Cooper, Children's and Cooper, any payment agreements between UT Southwestern and Children's, and any reimbursement agreements as well, patient disclosure forms, payment records, scheduling

info, bylaws and handbooks to the extent not encompassed within the specific requests we discussed earlier.

Should the parties reach agreement, the Court will find that production should go forward and be made by June the 12th so that the jurisdictional issues can go forward. However, I decline to put UT Southwestern in the position of ordering documents when they believe that at present that would place them in contravention of the Fifteenth Court of Appeals and Dallas courts. If, after further review, they find that it would not place them in contravention, the parties can reach agreement for the discovery to go forward.

The stay entered by the Fifteenth Court and the orders by the Dallas County courts do not include depositions, so the Court finds those should proceed. I have raised concerns regarding depositions with no documents, but we'll go ahead at present. The parties have agreed the deposition of one of the nonparty patients will go forward on the 17th. The Court will be present in the courthouse on that day. I understand the deposition will occur here. I will make myself available to consider objections. No topics have to be served for the patient deposition.

Depositions will be scheduled for UT Southwestern and Children's. Topics must be served.

Once the topics are received, they should be considered by all of the parties. We will schedule a status conference in advance of anyone filing a motion for protection to see if the Court can help y'all wade through and reach agreements to cut down on the amount of filings. If we're not, I'm not going stop anybody from raising or asserting their objections, right? That's not intended to take the record from anyone. It's just can we reach an agreement on some issues without the necessity to roll to formal motions. If we can't, then everybody should file their motions. I'm not telling you not to.

As it relates to Dr. Cooper, at present, the Court declines to limit to topics. We will select a date for Dr. Cooper, get it scheduled, y'all will have further discussions, and if y'all are not able to reach agreement, the Court will review its case law and render a decision related to the request that it be limited to topics.

State, anything further you want from me at this time?

MR. FARQUHARSON: Judge, if we could just clarify. The June 17th deposition is currently subpoenaed for June 6th, next Friday.

THE COURT: So you need Mr. Logan to

confirm on the record we're moving it.

MR. FARQUHARSON: In lieu of a Rule 11 agreement, we would accept Mr. Logan representing that.

THE COURT: Let's see if he's still with us.

MR. LOGAN: Your Honor, yes, I am. I'm sorry, I had to switch to my cell phone. My computer turned off. But yes, we agree that the date for the deposition can be moved to June the 17th. Of course, with the reservation that we made to file a motion for protection with this Court, you know, for other issues other than availability on that date.

THE COURT: Understood. All right. The Court finds that --

MS. HOLLAND: Your Honor, may I be heard on the deposition of the patient issue?

THE COURT: You may.

MS. HOLLAND: I would just like to preserve on the record that Dr. Cooper objects to a merits-based deposition moving forward while his plea to the jurisdiction remains pending. It's our understanding that the Texas Supreme Court held in Miranda, A court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided.

We understand that this Court is not ruling on our plea yet, but this Court has ordered certain document discovery to go forward as to the jurisdictional issue. I don't understand that the State has raised of anything that would be asked of this patient in a deposition that would go to the jurisdictional question, so it's an entirely merits-based deposition and we would object to that going forward.

THE COURT: I disagree with that characterization. I believe the State has said that it would go to both jurisdiction and merits. I don't dispute that they have identified that it will go in part to the merits. At present, the Court is ordering the deposition to go forward.

And in part, Ms. Holland, the Court will note for purposes of the record, you yourself served merits-based discovery. You did not withdraw your merits-based discovery upon the filing of your plea. In fact, you continued to persist in asserting and seeking that merits-based discovery and didn't withdraw it until hearing today, when being presented by the issue. So I find that you yourself have believed that it was appropriate to seek merits-based discovery in connection with this cause.

If there's nothing further, we're going to be adjourned.  Counsel.

MR. FARQUHARSON:  Are we doing the -- so we've noticed the deposition for Suite 100, which is the DA's office.  Are we doing it in the courtroom instead?

THE COURT:  It would likely -- probably not.  I'm supposed to be in jury trial on the Monday, out on the Tuesday.  Keep it where it's at and I'll just make sure I'm available to come downstairs or we'll have y'all move up here depending on how things are going.  I don't want to move y'all up here right now because I'm uncertain as to whether or not there will be anyone here babysitting a jury.

MR. FARQUHARSON:  Nothing further from the State.

THE COURT:  Okay.  Cooper?

MS. HOLLAND:  Your Honor, I have an inclination of how the Court is going to rule on this, but I will just preserve the interests of my client nonetheless.

THE COURT:  That's your job.

MS. HOLLAND:  We request that the Court stay all merits-based discovery in the case beyond just that deposition, any other patient depositions or other merits-based discovery.

THE COURT: The Court declines to do so. However, I do find myself bound by the stay of the Fifteenth Court of Appeals. And again, I'm not trying to play a game of chicken with the Dallas courts, and so at present I'm not attempting to end run around their orders, whether I find it gamesmanship or not.

All right. Anything further from Children's?

MS. COOPER: Nothing, Your Honor.

THE COURT: Anything further from UT Southwestern?

MR. TODD: No, Your Honor.

THE COURT: Anything further from the nonparty patients?

MR. LOGAN: No, Your Honor.

THE COURT: All right, everyone. Thank you so much. With that, we'll be adjourned.

(Proceedings concluded)

REPORTER'S CERTIFICATE

THE STATE OF TEXAS )
COUNTY OF COLLIN )

I, Ashley Boyd, Official Court Reporter in and for the 493rd District Court of Collin County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this EXPEDITED Reporter's Record is $190.00 and was paid by Willkie Farr & Gallagher, LLP.

WITNESS MY OFFICIAL HAND this the 5th day of June, 2025.

                    /s/ Ashley Boyd
                    Ashley Boyd, Texas CSR 11998
                    Expiration Date: 09/30/2025
                    Official Court Reporter
                    493rd District Court
                    2100 Bloomdale Road
                    Collin County, Texas
                    McKinney, Texas

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Avi Moshenberg on behalf of Nicholas Lawson
Bar No. 24083367
avi.moshenberg@lmbusinesslaw.com
Envelope ID: 101870401
Filing Code Description: Original Proceeding Petition
Filing Description: Petition for Writ of Mandamus
Status as of 6/11/2025 8:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Thanh Nguyen | | tdnguyen@winston.com | 6/11/2025 7:52:40 AM | NOT SENT |
| Jackie Cooper | | jackie.cooper@cooperscully.com | 6/11/2025 7:52:40 AM | NOT SENT |
| Cory Sutker | | cory.sutker@cooperscully.com | 6/11/2025 7:52:40 AM | NOT SENT |
| Martin Cohick | | martin.cohick@oag.texas.gov | 6/11/2025 7:52:40 AM | NOT SENT |
| Karen Watkins | | karen.watkins@oag.texas.gov | 6/11/2025 7:52:40 AM | NOT SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 6/11/2025 7:52:40 AM | NOT SENT |
| David Shatto | | david.shatto@oag.texas.gov | 6/11/2025 7:52:40 AM | NOT SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 6/11/2025 7:52:40 AM | NOT SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 6/11/2025 7:52:40 AM | NOT SENT |
| Emma Rodriguez | | erodriguez@willkie.com | 6/11/2025 7:52:40 AM | NOT SENT |
| Remy Carreiro | | rcarreiro@willkie.com | 6/11/2025 7:52:40 AM | NOT SENT |
| Zoe Packman | | zpackman@willkie.com | 6/11/2025 7:52:40 AM | NOT SENT |
| Isabella Corbo | | icorbo@willkie.com | 6/11/2025 7:52:40 AM | NOT SENT |
| Anika Holland | | aholland@willkie.com | 6/11/2025 7:52:40 AM | NOT SENT |
| Barrington Dyer | | bdyer@willkie.com | 6/11/2025 7:52:40 AM | NOT SENT |
| Simona Agnolucci | | sagnolucci@willkie.com | 6/11/2025 7:52:40 AM | NOT SENT |